UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNC LABS LLC AND CODRUT RADU RADULESCU,<br><br>Plaintiffs,<br><br>v.<br><br>FUSION-MANUFACTURING and MICHAEL FERCHAK,<br><br>Defendants. | Hon. Madeline Cox Arleo<br><br>Civ. Action No. 11-cv-03671 (WHW)(MCA)<br><br><br>DOCUMENT ELECTRONICALLY FILED |

**DEFENDANTS' LEGAL BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY CODRUT RADU RADULESCU, ESQ. AS THE LAWYER FOR PLAINTIFF SYNC LABS, LLC**

NIEDWESKE BARBER HAGER, LLC
98 Washington Street
Morristown, NJ 07960
(973) 401-0064
fax: (973) 401-0061
*Attorneys for Defendants*

Of Counsel And On The Brief:
　　Christopher W. Hager, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 3

LEGAL ARGUMENT ............................................................................................... 4

    CODRUT RADU RADULESCU, ESQ., SHOULD BE DISQUALIFIED AS
    THE LAWYER FOR PLAINTIFF SYNC LABS LLC ........................................ 4

        A.    The *RPC*s Prohibit Radulescu From Being Sync Labs' Lawyer .............. 5

        B.    Conclusion ................................................................................................ 12

**Cases**

Carreno v. City of Newark,
  2011 U.S. Dist. LEXIS 136590 (D.N.J. Nov. 29, 2011) ............................................ 9

Freeman v. Vicchiarelli,
  827 F.Supp. 300 (D.N.J. 1993) .................................................................... 6, 8, 9, 10

In re Snyder,
  472 U.S. 634 (1985) ................................................................................................ 2

In the Matter of Cadillac V8-6-4 Class Action,
  93 N.J. 412 (1983) .................................................................................................. 6

Kaselaan & D'Angelo Assoc., Inc. v D'Angelo,
  144 F.R.D. 235 (D.N.J. 1992) ................................................................................ 2

Main Events Productions, LLC v. Lacy,
  220 F.Supp.2d 353 (D.N.J. 2002) .................................................................. 7, 8, 9

Martin, et al. v. AtlantiCare, et al.,
  2011 U.S. Dist. LEXIS 122987 (D.N.J. Oct. 25, 2011) ......................................... 9

Murphy v. Simmons,
  2008 U.S. Dist. LEXIS 594 (D.N.J. Jan. 3, 2008) ................................................. 9

Robinson v. Hornell Brewing Co.,
  2012 U.S. Dist. LEXIS 2656 (D.N.J. Jan. 10, 2012) ............................................. 9

Sherwood Group, Inc. v. Rittereiser,
  1991 U.S. Dist. LEXIS 7147 (D.N.J. May 20, 1991) ........................................... 2

State v. Dayton,
  292 N.J. Super. 76 (App. Div. 1996) ..................................................................... 6

**Advisory Opinions**

Advisory Committee on Professional Ethics Opinion No. 233,
  95 N.J.L.J. 206-207 (1972) .................................................................................... 6

In re Advisory Com. on Prof. Ethics,
  162 N.J. 497 (2000) .............................................................................................. 11

**Model Rules**

ABA Model Code EC 5-9 ................................................................................................. 9

ABA Model Rule 3.7 ....................................................................................................... 9

**Rules**

R.P.C. 1.7(a)(2) ......................................................................................................... 1, 10

R.P.C. 1.8(i) .......................................................................................................... 2, 10, 12

R.P.C. 3.7 ..................................................................................................... 1, 5, 6, 7, 8, 9, 10

**Treatises**

Kevin H. Michels, New Jersey Attorney Ethics, at § 19:2-1(e)(5) .......................... 11

Kevin H. Michels, New Jersey Attorney Ethics, at § 19:3-2(a) ............................... 11

Kevin H. Michels, New Jersey Attorney Ethics, at § 19:3-2(e)(2) .......................... 12

Kevin H. Michels, New Jersey Attorney Ethics, at § 31:4-1(a) ................................ 9

## **PRELIMINARY STATEMENT**

This brief is respectfully submitted in support of Defendants' motion to disqualify Codrut Radu Radulescu, Esq., as the lawyer for Plaintiff Sync Labs LLC.

As the Court is aware, in addition to being the President and CEO of Sync Labs, Mr. Radulescu is the pro se Plaintiff in this case. He also represented to this Court that he has been a lawyer in New Jersey since November, 2011. Mr. Radulescu's pleadings and admissions, however, demonstrate that he is the primary, if not sole witness who can testify on behalf of the Plaintiffs. For example, his answers to Defendants' interrogatories identified him as the main witness to testify about Plaintiffs' allegations underlying the ten counts in the amended complaint. Plaintiff Radulescu's written admissions to material facts in answering Defendants' amended counterclaim demonstrate that his testimony will also be relevant to Defendants' counterclaims. For the reasons explained in this brief and accompanying declaration of counsel, Mr. Radulescu should now be disqualified as Sync Labs' lawyer under New Jersey Rules of Professional Conduct 3.7, 1.7, and 1.8.

R.P.C. 3.7 is a rule of disqualification that prohibits a lawyer such as Mr. Radulescu from also being a necessary witness in a case, which he indisputably is in this matter. R.P.C. 1.7(a)(2) prohibits a lawyer from representing a client where

1

a concurrent conflict exists with another client, and R.P.C. 1.8(i) prohibits conflicts of interest where a lawyer has a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client. Mr. Radulescu's conflicts of interest as the lawyer for the Plaintiff entity he owns and operates further support his disqualification as Sync Labs' lawyer in this case.

This Court is empowered with the inherent authority to discipline attorneys, which derives from the lawyer's role as an officer of the court. In re Snyder, 472 U.S. 634, 643 (1985). As such, this Court may disqualify an attorney where it is necessary to enforce the court's disciplinary rules. See Kaselaan & D'Angelo Assoc., Inc. v D'Angelo, 144 F.R.D. 235, 243 (D.N.J. 1992); Sherwood Group, Inc. v. Rittereiser, 1991 U.S. Dist. LEXIS 7147 (D.N.J. May 20, 1991). For the reasons set forth on this motion, Defendants respectfully request that this Court grant their motion to disqualify Mr. Radulescu as Plaintiff Sync Labs' lawyer.

## STATEMENT OF FACTS

For their statement of facts supporting this motion to disqualify, Defendants respectfully incorporate herein, in its entirety, their counsel's declaration filed with this motion (hereinafter "Hager Declaration").

# LEGAL ARGUMENT

## CODRUT RADU RADULESCU, ESQ., SHOULD BE DISQUALIFIED AS THE LAWYER FOR PLAINTIFF SYNC LABS LLC

Plaintiffs' amended complaint was filed on September 28, 2011 by Edward J. Zohn, Esq. In granting Mr. Zohn's subsequent unopposed motion to be relieved as Plaintiffs' counsel on February 9th, Judge Arleo specifically instructed as follows regarding Plaintiff Sync Labs' continuation in this case:

> Plaintiff Sync Labs LLC is a corporate entity. Under the law, it must be represented by a member of the bar. If counsel has not entered an appearance on behalf of Sync Labs LLC by February 28, 2012, I will ask Judge Walls to dismiss the Complaint.

(Hager Dec., Exhibit F).

On February 28th, Mr. Radulescu entered his appearance as counsel of record for Plaintiff Sync Labs LLC. Radulescu entered his appearance notwithstanding his status as President, CEO and "project leader" for Sync Labs, his claimed knowledge of alleged facts about Defendant Ferchak's access to and ownership of Sync Labs' internet account, and his negotiations with Mr. Ferchak about investing in Sync Labs, among other things. As reflected in Plaintiffs' answers to Defendants' interrogatories five and six, Radulescu's claimed relevant knowledge

spans the entirety of his business relationship with Mr. Ferchak, and not from a single, isolated interaction. (See Hager Dec., Exhibit B).

In his filed answer to Defendants' amended counterclaim, Radulescu admitted that (1) he drafted the "work made for hire, representation/warranty agreement" signed by Defendant Ferchak, (2) he accepted $20,000 from Ferchak as an investment in 4,000 "Class A Unit of Profit Interests" in Sync Labs that Radulescu admits were not registered securities under law, and (3) he signed the March 30, 2010 "investment transaction receipt" as the CEO of Plaintiff Sync Labs LLC when he was not a registered investment broker. (Hager Dec., ¶ 22).

The day after Mr. Radulescu appeared as Sync Labs' counsel of record, Defendants' undersigned counsel informed Your Honor and Plaintiff at the February 29th hearing that Defendants intended on moving to disqualify Radulescu because he was a necessary witness and also because of his conflicts of interest. Pursuant to Judge Arleo's February 29th Scheduling Order, Defendants' motion is now made pursuant to New Jersey Rules of Professional Conduct 3.7, 1.7 and 1.8

### A. The *RPC*s Prohibit Radulescu From Being Sync Labs' Lawyer
### *R.P.C.* 3.7

R.P.C. 3.7, "Lawyer as Witness," provides as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

> (1) the testimony relates to an uncontested issue;

5

>    **(2)** the testimony relates to the nature and value of legal services rendered in the case; or
>
>    **(3)** disqualification of the lawyer would work substantial hardship on the client.

R.P.C. 3.7 requires only a "likelihood" that the attorney will be a necessary witness. Freeman v. Vicchiarelli, 827 F.Supp. 300, 302-03 (D.N.J. 1993). Plaintiff's counsel in Freeman was present for the single probable cause hearing that formed the basis for Plaintiff's subsequent malicious prosecution and due process claims. Plaintiff's counsel was his only witness who could testify about what occurred in the hearing. Id. at 301. Magistrate Judge Rosen concluded that it was therefore "more than likely" that Plaintiff's lawyer would be a necessary witness to testify in Plaintiff's case. Id. 302-303.

Judge Rosen found that R.P.C. 3.7 "operates both during a trial and during pre-trial discovery and negotiations." Id. at 302 (citing Advisory Committee on Professional Ethics Opinion No. 233, 95 N.J.L.J. 206-207 (1972) and In the Matter of Cadillac V8-6-4 Class Action, 93 N.J. 412, 440 (1983)); see also State v. Dayton, 292 N.J. Super. 76, 84-85 (App. Div. 1996)(quoting Freeman on pre-trial disqualification issue, but not deciding question because issue arose on the day of trial). He reasoned that the "policies inherent in R.P.C. 3.7 would be defeated" if the rule operated only at the trial stage because "allowing an attorney who will testify to continue as advocate up to the time of a trial would put [the Court] in the

6

compromising position of choosing whether to force the advocate's client to start over with a new attorney on the eve of trial, to bar testimony necessary to decide the merits of the case, or to abrogate [the Court's] duty to apply RPC 3.7." Id. "Early application of the attorney-witness rule is necessary for the smooth operation of adversarial adjudication." Id. at 304. Judge Rosen therefore held that defendants' motion to disqualify was timely filed (within one month of the disqualifying event), and that Plaintiff's attorney would be disqualified immediately because he was a necessary testifying witness.

In Main Events Productions, LLC v. Lacy, 220 F.Supp.2d 353 (D.N.J. 2002), the attorney for whom disqualification was sought had negotiated a single paragraph in the promotion agreement at issue in the action. Id. at 354. Although Judge Debevoise held under those circumstances that the attorney should not have been disqualified from participating in pre-trial matters, he qualified his decision as follows:

> The present decision does not address the intermediate situation where an attorney must testify not at trial but at a pre-trial evidentiary hearing, such as the preliminary injunction hearing in the instant case. The better rule would probably be to treat the hearing as if it were a trial and, as [Plaintiff] did in this case, retain other counsel to represent the client for purpose of the hearing.

Id. at 357.

7

Freeman and Main Events are consistent in their holdings that an advocate-witness shall not testify about contested issues during the discovery period while he is also a party's lawyer, and that R.P.C. 3.7 mandates the lawyer's disqualification because he is a necessary witness in the case. Defendants respectfully submit that this reasoning should apply with equal force to an advocate-witness's pre-trial deposition testimony, which Mr. Radulescu will be providing in this case.

Of course, the lawyers discussed in Freeman and Main Events were different than Mr. Radulescu because they were private counsel unrelated to their Plaintiff clients. They also had relatively limited personal knowledge as compared to Radulescu's claimed extensive knowledge. Mr. Radulescu's dual status as a pro se Plaintiff who also owns and operates Plaintiff Sync Labs, and who has made numerous material factual admissions, are further reasons why he should be disqualified immediately under R.P.C. 3.7. He also should be disqualified because of the potential prejudice to Defendants if he is permitted to be Sync Labs' lawyer going forward.

Judge Debevoise observed in Main Events that R.P.C. 3.7 "is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness, creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly

8

appearance at trial." Id. One of R.P.C. 3.7's purposes is to prevent "unfairness to the opposing party in litigation," which has been explained as follows:

> The comments to the [ABA] Model Rules also place considerable emphasis on the potential prejudice to the opposing party. The primary danger when a lawyer in the case also offers testimony is that a jury may assign undue weight to the statements made by the attorney. As the comments state, 'it may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.' For the same reason, opposing counsel may have more difficulty attacking the credibility of a witness who is also an advocate in the case.

Kevin H. Michels, New Jersey Attorney Ethics, at § 31:4-1(a)(citing ABA Model Rule 3.7 and ABA Model Code EC 5-9).[1]

Although this court is not bound by Freeman or Main Events, Defendants respectfully submit that their respective authority be considered in deciding to disqualify Mr. Radulescu as counsel for Sync Labs. There is no question that he is a necessary witness as contemplated under R.P.C. 3.7, and that his continued status as Sync Labs' lawyer gives rise to the "danger" referenced in Main Events.

---

[1] The Michels treatise on ethics is recognized as a "leading authority" on the law of New Jersey lawyering and professional responsibility. See Robinson v. Hornell Brewing Co., 2012 U.S. Dist. LEXIS 2656 at *7 (D.N.J. Jan. 10, 2012); see also Carreno v. City of Newark, 2011 U.S. Dist. LEXIS 136590 at *25 (D.N.J. Nov. 29, 2011)(quoting Michels treatise in granting motion to disqualify counsel); Martin, et al. v. AtlantiCare, et al., 2011 U.S. Dist. LEXIS 122987 at *12 (D.N.J. Oct. 25, 2011)(same); Murphy v. Simmons, 2008 U.S. Dist. LEXIS 594 at *21-22 (D.N.J. Jan. 3, 2008)(same).

9

In addition, none of R.P.C. 3.7's exceptions apply to this case. Regarding the first two exceptions, Mr. Radulescu's testimony relates to contested factual issues, and not to the nature and value of legal services rendered in the case. As for the third exception, which is that "disqualification of the lawyer would work substantial hardship on the client," Defendants rely on Freeman's analysis and disposition of this issue.

In that case, Judge Rosen concluded that there was no "substantial hardship" in disqualifying Plaintiff's lawyer because the motion was timely made, before significant discovery had occurred, and that it would not unduly prejudice Plaintiff in preparing his case. 827 F.Supp. at 304-05 (concluding, as well, that "difficulty in finding substitute counsel, by itself, does not rise to the level of 'substantial hardship'" under R.P.C. 3.7). That reasoning applies to the matter herein, which was raised by motion immediately after the disqualifying event occurred, and before depositions and other significant discovery has occurred.

Based on the foregoing, Defendants respectfully submit that Mr. Radulescu should be disqualified as the lawyer for Plaintiff Sync Labs LLC pursuant to R.P.C. 3.7.

### *R.P.C.* 1.7 and *R.P.C.* 1.8

RPC 1.7(a)(2) provides that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." A "concurrent conflict of

interest exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . . or by a personal interest of the lawyer." Id.

As explained in the Michels treatise, "[t]his provision is typically implicated when the lawyer stands to derive some benefit, in addition to a legal fee, from the matter or transaction with respect to which he or she is advising the client." New Jersey Attorney Ethics, at § 19:3-2(a)(citing Advisory Committee Opinion 353 (Sept. 23, 1976)); see also id. (discussing In re Advisory Com. on Prof. Ethics, 162 N.J. 497, 504 (2000), "prohibiting an attorney from serving as both borough attorney and borough administrator in the same municipality because the lawyer's own interests in vindicating his conduct as administrator could materially limit his legal representation of the borough"). Radulescu's status as a pro se Plaintiff creates an analogous "impermissible potential conflict of interest" to that which was involved in In re Advisory Com. on Prof. Ethics because of the conflict between his personal interest and professional duties.

In addition, Defendants' amended counterclaim against pro se Plaintiff Radulescu creates a conflict of interest requiring his disqualification. See Michels, New Jersey Attorney Ethics, at § 19:2-1(e)(5)(citing Advisory Committee Opinion 617 (Nov. 10, 1988)).

### *R.P.C.* 1.8(i)

R.P.C. 1.8(i) provides that "[a] lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." As explained in the Michels treatise, "lawyers have traditionally been prohibited from acquiring a proprietary interest in a client's litigation matter." New Jersey Attorney Ethics, at § 19:3-2(e)(2)(citing ABA Model Rules of Professional Conduct Rule 1.8 comment (2000)). Because Mr. Radulescu has a conflicting financial interest in maintaining and any outcome of this case, he should be disqualified from being the lawyer for Sync Labs.

### B. Conclusion

Based on the foregoing brief and accompanying declaration of counsel, Defendants Fusion Manufacturing LLC and Michael Ferchak respectfully request that this Court grant their motion to disqualify Mr. Radulescu as the lawyer for Sync Labs LLC.

Respectfully submitted,
**NIEDWESKE BARBER HAGER, LLC.**

DATED: March 30, 2012

By: /s/ Christopher W. Hager
98 Washington Street
Morristown, NJ 07960
chager@n-blaw.com
*Attorneys for Defendants*

**DOCUMENT ELECTRONICALLY FILED**

12