**TABLE OF CONTENTS**

INTRODUCTORY STATEMENTS ------------------------------------------------------------IV
LEGAL ARGUMENT ---------------------------------------------------------------------------1

THE MOTION SHOULD BE DENIED ACCORDING TO R.P.C 3.7(A)(3) BECAUSE OF THE SUBSTANTIAL FINANCIAL HARDSHIP CREATED BY THE WRONGFUL ACTS OF DEFENDANTS AND BECAUSE DEFENDANTS SHOULD NOT BENEFIT FROM THEIR WRONG DOING. ----------------------------------------------------------------------------1

   Defendants should not benefit from their wrong doing. .......................................................... 3

MOVANT CANNOT MEET THE BURDEN OF PROOF NECESSARY TO DISQUALIFY RADU AS THE ATTORNEY FOR HIS OWNED AND OPERATED COMPANY. ------------4

   Defendants didn't meet the burden to show that the attorney is a necessary witness ........... 10

THE MOTION SHOULD BE DENIED BECAUSE RADU AS A PRO SE ATTORNEY REPRESENTING HIS OWN COMPANY IS EXCEPTED FROM ATTORNEY-WITNESS DISQUALIFICATION RULE.---------------------------------------------------------------------- 14
A PRO SE ATTORNEY IS EXCEPTED FROM THE ATTORNEY-WITNESS RULE ( R.P.C 3.7) AND CAN BE BOTH AND ADVOCATE AND WITNESS.----------------------------------------------------------------- 14
A PRO SE ATTORNEY CAN ADVOCATE AND TESTIFY FOR HIMSELF AND ANOTHER CLOSELY RELATED PARTY. ---------------------------------------------------------------------------------- 15

   Radu has the right to represent himself in Federal Courts....................................................... 16
   Radu will not testiffy as an attorney for Synclabs because he has the right testify as a pro se litigant not as an attorney........................................................................................................ 17
   This motion cannot serve the stated purpose to eliminate the attorney-witness situation   this motion would only deny the day in court for the Plaintiff  COMPANY. .............................. 17
   A lawyer has the right to make the proper decision in representing clients .......................... 18
   An attorney witness should not be disqualified from pre trial proceedings .......................... 19

THE FEDERAL BENCH CAN DISTINGUISH THE DUAL ROLE PLAYED BY AN ADVOCATE-WITNESS WICH ELIMINATES THE REASON AND THE NEED TO DISQUALIFY THE ADVOCATE-WITNESS. ------ 20

   The motion to disqualify counsel is disfavored due to the devastating consequences for oponent and strategical advantage for proponent. ................................................................ 20
   If the court would find for Defednant sufficient time should be provided before disqualifying the Plaintiff COMPANY. ...................................................................................................... 22

CASES

Bailey v. Gibbons, 2011 WL 4056202 (D.N.J. Sep 12, 2011) -------------------------------------------------------- 21

BSW Development Group v. City of Dayton, 1995 WL 1671908, (S.D.Ohio, September 13, 1995 ) -------------- 16

Carlyle Towers Condo. Ass'n v. Crossland Sav., 944 F.Supp. 341 (D.N.J., 1996). ---------------------------------- v,20

Electronic Laboratory Supply Co., Inc. v. Motorola, Inc., 1990 WL 96202 (E.D.Pa., July 03, 1990 ). -------------- 19

Garza v. McKelvey, 1991 U.S. Dist. LEXIS 311 (D.N.J. Jan. 2, 1991) --------------------------------------------------- 8

In re Cendant Corp. Securities Litigation, 124 F.Supp.2d 235 (D.N.J., 2000) ------------------------------------------ 4

In re Estate of Walsh ,840 N.Y.S.2d 906 (N.Y.Sur.,2007) ------------------------------------------------------------- 10, 16

Laboratory Supply Co., Inc. v. Motorola, Inc., 1990 WL 96202 (E.D.Pa., July 03, 1990) --------------------------- 14

Main Events Prods., LLC v. Lacy, 220 F.Supp.2d 353 (D.N.J., 2002). ----------------------------------------------- 12,19

Oswell v. Morgan Stanley Dean Witter & Co., Inc., 2007 WL 2446529 (D.N.J.,2007) ------------------------------ 21

Wellington Place Condominium Ass'n v. Carty, 2011 WL 2566105 (N.J.Super.A.D., 2011). ------------------------ 1

STATUTES

28 U.S.C. § 1654 --------------------------------------------------------------------------------------------------------------- 9, 16

ADVISORY OPINIONS

Advisory Comm. On Prof'l Ethics Op. *243*, 95 *N.J.L.J.* 1145 (1972), ----------------------------------------------- 18

Advisory Comm. On Prof'l Ethics Op. 343, 99 N.J.L.J. 665 (1976) -------------------------------------------- 8, 10, 15

Advisory Comm. On Prof'l Ethics Op. 353, 99 *N.J.L.J.* 862 (1976) ----------------------------------------------------- 12

Advisory Comm. On Prof'l Ethics Op. *527,* 113 *N.J.L.J. 384* (1984) -------------------------------------------------- 18

Advisory Comm. On Prof'l Ethics Op. 617, 122 *N.J.L.J.* 1226 (1988) -------------------------------------------------- 13

REGULATIONS

R.P.C. 1.7 ---------------------------------------------------------------------------------------------------------------------- passim

R.P.C. 1.8 ---------------------------------------------------------------------------------------------------------------------- passim

R.P.C. 3.7 ---------------------------------------------------------------------------------------------------------------------- passim