UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNC LABS LLC AND CODRUT RADU RADULESCU, <br><br> Plaintiffs, <br><br> v. <br><br> FUSION-MANUFACTURING and MICHAEL FERCHAK, <br><br> Defendants. | Hon. Madeline Cox Arleo <br><br> Civ. Action No. 11-cv-03671 (WHW)(MCA) <br><br><br> **DOCUMENT ELECTRONICALLY FILED** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY CODRUT RADU RADULESCU, ESQ. AS THE LAWYER FOR PLAINTIFF SYNC LABS, LLC**

**NIEDWESKE BARBER HAGER, LLC**
98 Washington Street
Morristown, NJ 07960
(973) 401-0064
fax: (973) 401-0061
*Attorneys for Defendants*

Of Counsel And On The Brief:
Christopher W. Hager, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.............................................................................. 1

LEGAL ARGUMENT .......................................................................................... 3

    NEW JERSEY RULES OF PROFESSIONAL CONDUCT 3.7, AND 1.7 AND
    1.8, REQUIRE THAT RADU RADULESCU, ESQ., BE DISQUALIFIED AS
    THE LAWYER FOR PLAINTIFF SYNC LABS LLC ....................................... 3

CONCLUSION ..................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

Bailey v. Gibbons,
   2011 U.S. Dist. LEXIS 102873 (D.N.J., Sept. 12, 2011) ...................................... 4

Gasoline Expwy v. Sun Oil Co. of Pa.,
   64 A.D.2d 647, aff'd 392 N.E.2d 572 (1979)......................................................... 6

In re Estate of Walsh,
   840 N.Y.S.2d 906 (Surr. Ct. 2007) ....................................................................... 6

Perazzelli v. Perazzelli,
   147 N.J. Super. 53 (Ch. Div. 1976) ...................................................................... 4

Simbraw, Inc. v. United States,
   367 F.2d 373 (3d Cir. 1966)................................................................................. 1

Wellington Place Condominium Ass'n v. Carty,
   2011 N.J. Super. Unpub. LEXIS 1719 (App. Div., June 30, 2011) ................. 4, 5


**Rules**

New Jersey Court Rule 1:36-3 ................................................................................. 4

R.P.C. 1.7 .......................................................................................................... 2, 7

R.P.C. 1.8 .......................................................................................................... 2, 7

R.P.C. 3.7 ...................................................................................................... 2, 4, 6

R.P.C. 3.7(a)(3) ................................................................................................... 1


**Treatises**

Kevin H. Michels, New Jersey Attorney Ethics at § 31:4-3b.................................. 1

## PRELIMINARY STATEMENT

This reply brief is respectfully submitted in further support of Defendants'
motion to disqualify Codrut Radu Radulescu, Esq., as the lawyer for Plaintiff Sync
Labs LLC.

The essence of Plaintiff Radulescu's opposition to this motion is that he
cannot afford to hire a lawyer to represent his company, Plaintiff Sync Labs LLC.
Respectfully, that is not the "substantial hardship" considered by R.P.C. 3.7(a)(3),
particularly at this relatively early stage of the litigation and where a corporation
can only be a party when represented by an attorney. The "substantial hardship"
exception calls for due regard to be given "to the effect of disqualification on the
lawyer's client," Kevin H. Michels, New Jersey Attorney Ethics at § 31:4-3b, not
one who has made a decision to file a lawsuit on behalf of a corporation without
the financial resources required for that corporation to be a party. Federal law on
this subject is settled and crystal clear: "a corporation can appear in a court of
record only by an attorney at law." Simbraw, Inc. v. United States, 367 F.2d 373,
374 (3d Cir. 1966). Here, if Sync Labs LLC is to continue as a party Plaintiff, it
must be appropriately represented by an attorney. Mr. Radulescu is prohibited
from undertaking that representation under R.P.C. 3.7, and should be disqualified
accordingly.

Mr. Radulescu's disqualification is also supported by <u>R.P.C.</u> 1.7 and <u>R.P.C.</u> 1.8, and no cogent or authoritative opposition to either of those rules of professional conduct applying to this case has been presented.

Defendants Fusion Manufacturing and Michael Ferchak respectfully request that their motion for disqualification be granted.

## LEGAL ARGUMENT

### NEW JERSEY RULES OF PROFESSIONAL CONDUCT 3.7, AND 1.7 AND 1.8, REQUIRE THAT RADU RADULESCU, ESQ., BE DISQUALIFIED AS THE LAWYER FOR PLAINTIFF SYNC LABS LLC

It does not matter that Radulescu cannot afford to hire a lawyer for Sync

Labs if he is to continue <u>pro se</u>, which he appears prepared to do.  As he concedes

on page 4 in his brief, his testimony is Plaintiff's evidence, and page 8 of his brief

pointing to unidentified witnesses at the New Jersey Commission for Science and

Technology confirms that he is a "necessary" witness in this case.  Our moving

papers show that Radulescu's testimony is relevant to both Plaintiff's case-in-chief

and Defendants' counterclaims, neither of which have been developed in

depositions.

A persuasive decision by a New Jersey Chancery Division judge on the

disqualification issue was as follows:

> The facts in this case . . . are such that any competent
> counsel of defendant's choice could properly present
> them to the court in the best interest of defendant. The
> issues are not complicated to the end that they would
> require the special expertise of defendant's present
> attorney. The facts are not of such complexity that no
> attorney but defendant's present counsel would be able to
> thoroughly familiarize himself with them and properly
> try this case. This court does not find that substantial
> hardship will result to defendant should defendant's
> present counsel be ordered to relinquish his role as trial
> counsel.

3

Perazzelli v. Perazzelli, 147 N.J. Super. 53, 57 (Ch. Div. 1976).

The primary case cited by Radulescu in support of his financial hardship argument is the New Jersey Appellate Division's unpublished decision in Wellington Place Condominium Ass'n v. Carty, 2011 N.J. Super. Unpub. LEXIS 1719 (App. Div., June 30, 2011).[1]  There, the Appellate Division reversed the Law Division's disqualification of an attorney who "spent a tremendous amount of time" representing his individual (and not corporate) client, which was described as being "over 300 hours at a substantial cost to his law firm." Id. at *15.  This starkly contrasts counsel's status as not a necessary witness in Bailey v. Gibbons, 2011 U.S. Dist. LEXIS 102873 (D.N.J., Sept. 12, 2011)(cited at page 21 in Plaintiff's brief), and the undeveloped record in the instant case.  Critical to Radulescu's argument, the Appellate Division found that the meager financial resources of the disqualified attorney's individual client created an issue of hardship for her that was inconsistent with disqualifying the attorney under R.P.C. 3.7.

The disqualification issue in Wellington Place did not involve representation of a corporation, but an individual.  This is much like Opinion 343 cited by Radulescu at page 15 of his brief, which did not involve a disqualification issue in

---

[1] New Jersey Court Rule 1:36-3 provides that "[n]o unpublished opinion shall constitute precedent or be binding authority upon any court."

4

representing a corporation, but an individual. <u>Wellington Place</u> also did not involve a witness-advocate, but an attorney with a substantial time and professional investment in the representation. This is distinguishable from the present matter, where disqualification was immediately sought after the disqualifying event occurred. Additionally, the individual in <u>Wellington Place</u> was a defendant being sued, not the Plaintiff initiating suit like Plaintiff Radulescu.

The practical issues identified by Judge Debevoise in <u>Main Events</u> regarding the potential for confusion in a fact finder in distinguishing attorney argument from testimony are significant and also weigh heavily in favor of disqualifying Radulescu. Whether the case is tried to a Judge or jury is irrelevant to the confusion that can arise, including additional burden placed on a Judge as fact finder to sift between what can reasonably be foreseen as disputed issues on what is testimony and what is argument.

It is also inefficient and impractical for Radulescu only to be disqualified for trial, as he argues on pages 19-20 of his brief, and contrary to the discovery stage disqualification as ordered in <u>Freeman</u>. Will Radulescu be permitted to voice an objection during the deposition of Sync Labs' representative and then be permitted to testify after making the objection? Is anything stated by Radulescu on the record during the deposition a party statement or colloquy? Can he instruct himself not to answer a question, or is any attorney-client privilege waived? There

5

are likely other practical issues that underscore the public policy reasons for why the witness-advocate disqualification rule exists, and for why Defendants' motion should be granted.

Radulescu argues at page 10 of his brief that federal courts have allegedly carved an exception from R.P.C. 3.7 for attorneys representing partnerships in which they hold an interest, but cites as support the New York surrogate court's decision of In re Estate of Walsh, 840 N.Y.S.2d 906 (Surr. Ct. 2007), which did not involve R.P.C. 3.7 or New Jersey law.  In fact, the court disqualified the attorney in that case, and cited to Gasoline Expwy v. Sun Oil Co. of Pa., 64 A.D.2d 647, aff'd 392 N.E.2d 572 (1979) for the following rationale that is relevant to this case:

> Thus, where an attorney, the sole shareholder of a close corporation, sought to both represent the corporation and testify at the trial, the court, in weighing the competing public policies of the right to pro se representation and disqualification under the advocate-witness rule, determined that disqualification was necessary because the attorney was representing a separate legal entity, the corporation, and not herself.

840 N.Y.S.2d at 909.

The bottom line is that the law requires a corporation to be represented by an attorney.  The conflict of interest issues presented by R.P.C. 3.7's application to this case make it abundantly clear that Radu Radulescu, Esq., should be disqualified and Defendants' motion granted.

### *R.P.C.* **1.7** and *R.P.C.* **1.8**

For the reasons set forth in Defendants' moving papers for why Radulescu's disqualification is also supported by <u>R.P.C.</u> 1.7 and <u>R.P.C.</u> 1.8, which we submit have not been discredited or refuted in Plaintiff's opposition, we reiterate those arguments herein in further support of Defendants' motion.

### CONCLUSION

Based on their briefs and declaration of counsel, Defendants Fusion Manufacturing LLC and Michael Ferchak respectfully request that this Court grant their motion to disqualify Mr. Radulescu as the lawyer for Sync Labs LLC.

Respectfully submitted,

**NIEDWESKE BARBER HAGER, LLC.**

DATED:  May 16, 2012

By: <u>/s/ Christopher W. Hager</u>
98 Washington Street
Morristown, NJ 07960
chager@n-blaw.com
*Attorneys for Defendants*

**DOCUMENT ELECTRONICALLY FILED**

7