**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SYNC LABS LLC and CODRUT RADU RADULESCU, | : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civ. No. 11-3671 (WHW) |
| FUSION-MANUFACTURING and MICHAEL FERCHAK, | : : : : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Radulescu moves for reconsideration of the Court's Opinion (ECF No. 60) affirming Magistrate Judge Arleo's Order disqualifying him as counsel for Co-Plaintiff Sync Labs. The motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been fully set forth in the Court's previous Opinion. ECF No. 60. In brief, Magistrate Judge Arleo held a hearing on June 7, 2012, and concluded that New Jersey Rule of Professional Conduct 1.7 prohibited Plaintiff Radulescu from serving as counsel for Co-Plaintiff Sync Labs. ECF Nos. 37, 49. Sync Labs was instructed to retain separate counsel. ECF No. 49. Plaintiff Radulescu appealed and this Court affirmed Judge Arleo's decision. ECF No. 60. Radulescu now moves for reconsideration.

**NOT FOR PUBLICATION**

Also before the Court is a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which Radulescu filed ostensibly as counsel for both Plaintiffs. ECF No. 74. Defendants object on the grounds that the motion is procedurally improper. ECF No. 78. The Court stayed briefing on the motion to consider Defendants' objections. ECF No. 80.

## STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct a manifest error of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotations omitted). The moving party must show at least one of the following: (1) an intervening change in the controlling law; (2) new evidence becomes available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* A motion for reconsideration does not give the Court an opportunity to rethink its previous position. *Buffa v. New Jersey State Dep't of the Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. Jan. 14, 2003). If the moving party argues that an error was made, the motion may only be granted if "'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

A party may move for judgment on the pleadings "after pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. April 10, 2007) (citations omitted). *See also* Fed. R. Civ. P. 7(a) (listing pleadings that are allowed);

Case 2:11-cv-03671-WHW-CLW   Document 82   Filed 03/19/13   Page 3 of 4 PageID: 1002

**NOT FOR PUBLICATION**

*Doe v. United States*, 419 F.3d 1058, 1061-62 (9th Cir. 2005) (Rule 7(a) governs when the pleadings are closed for the purposes of Rule 12(c)).

## DISCUSSION

### I.     Motion for reconsideration

Radulescu's motion for reconsideration does not present any new evidence or intervening change in controlling law. Under the third prong, he argues that this Court committed a clear error by applying the wrong legal standard and overlooking state documents showing Sync Labs' status as a single-owner LLC.

First, the Court applied the correct "clearly erroneous or contrary to law" standard in reviewing Judge Arleo's Order. Op. at 3 (ECF No. 60). This is the standard set forth in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(c)(1)(A). Radulescu further argues that the Court applied the wrong "appearance of impropriety" standard in interpreting New Jersey Rule of Professional Conduct 1.7. Mot. for Reconsideration at 7, 16 (ECF No. 64). Radulescu notes correctly that the appearance of impropriety standard no longer applies, but nowhere in its Opinion does the Court apply this standard. The Court relied upon *In Re Cendant Corporation Securities Litigation*, 124 F. Supp. 2d 235 (D.N.J. 2000), but its pin cite did not include the portions of that decision which discussed the appearance of propriety standard. *See* Op. at 5 (citing *Cendant*, 124 F. Supp. 2d at 240-44).

Second, Radulescu argues the Court overlooked crucial facts showing that the Sync Labs is now a sole-member LLC and that Defendant Ferchak's resignation from the company in 2010 resulted in Ferchak owning no interest or power within the company. *See* Exs. 1-3, Mot. for Reconsideration. As the Court observed in its Opinion, the hearing before Judge Arleo showed that Ferchak's ownership stake in Sync Labs is unclear at this point and is a point of contention

**NOT FOR PUBLICATION**

between the parties. Tr. at 5-9 (ECF No. 38). Both sides gave confused answers about Ferchak's status as an investor. *Id.* The Court did not overlook crucial facts that would alter its conclusion. The motion for reconsideration is denied.

> II.  **Motion for partial judgment on the pleadings**

The Court now turns to Defendants' objections to Radulescu's motion under Federal Rule of Civil Procedure 12(c). Defendants argue that the motion is procedurally improper for two reasons: (1) motions for judgment on the pleadings may only be made "after the pleadings are closed" under Rule 12(c); and (2) Radulescu has been disqualified as an attorney for Sync Labs and may not continue filing motions on behalf of Sync Labs.

The Court concludes that Radulescu's motion is not procedurally improper under Federal Rule of Civil Procedure 12(c) because the pleadings are now closed for the purposes of that rule. *See* Fed. R. Civ. P. 7(a); *Horizon Healthcare Servs.*, 2007 WL 1101435, at *3. Defendants have answered Plaintiffs' amended complaint, ECF No. 10, and Plaintiffs have answered Defendants' counterclaims, ECF No. 29.

But now that the Court denies the motion for reconsideration, it is improper for Radulescu to continue filing briefs as attorney for Co-Plaintiff Sync Labs.

## CONCLUSION

The motion for reconsideration is denied. The motion for partial judgment on the pleadings shall be stricken.

March 19, 2013

**/s/ William H. Walls**

United States Senior District Judge

4