UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNC LABS LLC AND CODRUT RADU RADULESCU,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FUSION MANUFACTURING and MICHAEL FERCHAK,<br><br>　　　　　　　　　　Defendants. | **OPINION**<br><br>Civ. No. 2:11-03671 (WHW) |

**Walls, Senior District Judge**

　　　Plaintiff Codrut Radu Radulescu ("Radulescu") moves for reconsideration of this Court's order of September 4, 2013, granting in part and denying in part summary judgment. Defendants Michael Ferchak ("Ferchak") and Fusion Manufacturing (collectively, "Defendants") oppose Radulescu's motion for reconsideration and cross-move to dismiss the amended complaint. On June 7, 2012, Radulescu was disqualified from representing Plaintiff Sync Labs LLC, and so moves only on his own behalf. Order Granting Mot. Disqualify, ECF No. 37. The motions have been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. Plaintiff's motion for reconsideration and Defendants' cross-motion for dismissal are denied.

**PROCEDURAL AND FACTUAL HISTORY**

　　　This case arises from a dispute regarding Defendant Ferchak's role and stake in Plaintiff Sync Labs LLC ("Sync Labs"), a business in which Radulescu is the overwhelming majority owner. Ferchak's stake took two forms: Class A Units of Profit Interest ("AUPIs") and Class B

1

Units of Profit Interest ("BUPIs"). Pl.'s Decl. in Support of Mot. J. Pleadings ¶¶ 3, 6, Feb. 22, 2013, ECF No. 84-2.

In the first count of their amended complaint, Plaintiffs alleged that Defendant Ferchak breached "multiple contracts," including a contract to work for Sync Labs. Am. Compl. ¶ 97, Sept. 28, 2011, ECF No. 9. Defendants asserted various counterclaims, namely that Plaintiffs were the ones who violated the employment contract, that Plaintiffs violated New Jersey's Wage and Hour Law and that Plaintiffs violated the New Jersey Uniform Securities Law (NJUSL). Am. Countercl. ¶¶ 16-25, Jan. 26, 2012, ECF No. 20.

On April 12, 2013, Plaintiff Radulescu moved for judgment on the pleadings on his first cause of action for breach of contract and on Defendants' counterclaims. ECF No. 84. The parties' submissions included dozens of exhibits. *See* Defs.' Opp'n to Pls.' Mot. J. Pleadings, ECF No. 93; Pls.' Reply Mot. J. Pleadings, ECF No. 94. In light of that fact, on July 16, 2013, this Court converted the motion for judgment on the pleadings into a motion for summary judgment. ECF No. 96. The Court ordered "that any further evidentiary submissions by the parties be delivered to the Court by August 1, 2013." ECF No. 96 at 2.

On August 2, 2013—one day after the deadline—Plaintiff Radulescu submitted two dozen additional exhibits, ECF No. 98; Defendants objected to this late submission in a letter to the Court, ECF No. 100. In its September 4, 2013 opinion, the Court allowed Plaintiff Radulescu's late submission, but pointed out various other ways in which the parties had failed to fully develop the record. ECF No. 102 at 4. Specifically, it explained that its analysis of whether the LLC membership interests at issue were "securities" for purposes of the NJUSL "has been complicated by the poor job the parties have done describing the [interests] and what rights and privileges they grant their holder," *id.* at 10. The Court granted summary judgment to

Plaintiff on its breach of contract claim, on Defendant's breach of contract claim and on Defendant's Wage and Hour claim, but denied summary judgment to Plaintiff on Defendant's NJUSL claim. ECF Nos. 102-03.

On September 18, 2013, Plaintiff Radulescu timely filed a motion for reconsideration of this Court's denial of summary judgment on the NJUSL claim. ECF No. 104. Defendants opposed this motion and also filed a cross motion to dismiss the complaint for failure to prosecute and failure to comply with a court order, namely, the order prohibiting Radulescu from serving as the attorney for the corporate plaintiff, Sync Labs LLC. ECF No. 107. Radulescu did not attach any exhibits to his initial motion for reconsideration but, in his reply brief in support of that motion, attached five exhibits, including the Sync Labs operating agreement, a document governing the rights and obligations of the LLC's members. ECF No. 112-2.

## STANDARD OF REVIEW

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). "A motion for reconsideration is properly treated as a motion under Rule 59(e), Fed. R. Civ. P., to alter or amend the judgment." *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985).

Reconsideration motions will only be granted (1) where an intervening change in the law has occurred, (2) where new evidence not previously available has emerged, or (3) to correct a clear error of law or prevent a manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Local Rule 7.1(i) "does not permit a Court to rethink its previous

decision, rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003). *See also Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation and quotation omitted)). Such motions may not be used to "relitigate" old matters or to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2013). Reconsideration is an "extraordinary remedy" and should only be granted "sparingly." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

## DISCUSSION

### I. Plaintiff's Motion for Reconsideration

Plaintiff Radulescu does not specify the ground for reconsideration on which his motion relies. Because he has no plausible claim for reconsideration based on an intervening change in law, the Court has considered the possibility that reconsideration is appropriate based on new evidence or a clear error of law. Neither of these grounds justifies Radulescu's motion.

#### A. There Is No New Evidence Which Would Justify Reconsideration

Radulescu may be arguing that reconsideration is appropriate because the exhibits he submitted along with his reply brief, including the Sync Labs LLC operating agreement, are "new evidence." They are not. Because they were available at the time of the conversion of

Radulescu's motion for judgment on the pleadings to a motion for summary judgment, the Court may not consider them.

The "new evidence" ground for reconsideration is only available for evidence that is genuinely new. "[N]ew evidence, for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). *See also Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) (finding that district court did not abuse its discretion in denying motion for reconsideration where "the evidence submitted in support was not in fact newly discovered"); *Kelly v. Hendricks*, Civ. No. 03- 2536 (SRC), 2006 WL 231570, at *2 (D.N.J. Jan. 30, 2006) ("A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.").

A district court does not abuse its discretion in denying a motion for reconsideration where a party fails to submit evidence on summary judgment, loses, then tries to submit evidence that may have produced a different outcome. In *Howard Hess*, private plaintiffs sued a manufacturer of false teeth and its dealers following a successful antitrust case by the government against the same defendants. 602 F.3d at 247. Relying on the government's success in the earlier case, plaintiffs did not produce any evidence going to one of the elements of their claim. *Id.* at 250. After the district court denied their motion for summary judgment, plaintiffs moved for permission to supplement the record with evidence for that element. *Id.* at 251. The district court construed this as a motion for reconsideration and denied it. *Id.* The Third Circuit found that the district court had not abused its discretion because plaintiffs were trying to submit

"the very evidence the District Court had found they had failed to present in their summary judgment motion," not genuinely "new evidence." *Id.* at 252.

In its earlier opinion, this Court denied summary judgment to Plaintiff on Defendant's counterclaim for violation of the NJUSL because genuine issues of material fact remained. ECF No. 102 at 14; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (explaining that the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact). In reply in support of his motion for reconsideration, Radulescu submitted five exhibits including the Sync Labs LLC operating agreement. ECF No. 112-2. This document may have been helpful to the Court when considering Radulescu's motion for summary judgment and, indeed, the Court stated as much in its opinion of September 4, 2013. *See* ECF No. 102 at 10 (explaining that analysis of whether the LLC membership interests at issue were "securities" for purposes of the NJUSL "has been complicated by the poor job the parties have done describing the [interests] and what rights and privileges they grant their holder"). There can be no denying that this document, dated June 2010, was available to Plaintiff in time for the August 1, 2013 deadline the Court set for submission of documents related to the motion for summary judgment. Order Converting to Summ. J., July 16, 2013, ECF No. 96. These documents include "the very evidence the District Court had found [Radulescu] had failed to present in [his] summary judgment motion," *Hess*, 602 F.3d at 252, rather than genuinely new evidence. The Court may not consider them now.

### B. There Is No Clear Error Which Would Justify Reconsideration

This Court has also considered that it may have made a clear error of law when it identified a genuine issue of material fact regarding whether Ferchak's interest in Sync Labs may

be "stock" and thus subject to the protection of the NJUSL. But this ground for reconsideration does not support Radulescu's motion either.

Local Rule 7.1(i) "does not permit a Court to rethink its previous decision, rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003). A demand for reconsideration due to clear error must demonstrate that the contested holding (1) was without support in the record (or case law) or (2) would create "manifest injustice" if not addressed. *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008); *N. River Ins.*, 52 F.3d at 1218).

Nothing in New Jersey's LLC Act says explicitly that LLC membership interests can never be "stock" for purposes of the securities laws and no controlling decision of law says so. To the contrary, courts routinely consider the possibility that LLC membership interests might fall under the protection of the state and federal securities laws, not only as "investment contracts" but also as "stock." *See, e.g.*, *Robinson v. Glynn*, 349 F.3d 166, 173 (4th Cir. 2003); *Great Lakes Chemical Corp. v. Monsanto Co.*, 96 F. Supp. 2d 376, 387 (D. Del. 2000). Whether or not an interest is stock depends both on its label and its characteristics. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 686 (1985). In both *Robinson* and *Great Lakes*, the courts analyzed LLC interests according to *Landreth* and concluded that the interests at issue were not stock—not that no LLC interest will ever be stock. *But see Braun v. Schwartz*, Civ. No. 12-6224 (ES), 2013 WL 5467084, at *9 n.5 (D.N.J. Sept. 30, 2013) (interpreting *Great Lakes* to state a general rule that LLC interests are not stock).

Radulescu cites no controlling decision of law which was presented to this Court but overlooked. He relies on broad language from Supreme Court cases, such as *Marine Bank v. Weaver*, 455 U.S. 551 (1982) as well as cases from the Southern District of New York, which are not controlling authority in the District of New Jersey. Similarly, he quotes at length from *Robinson* before summarily concluding, "Federal courts made clear that the LLC interest is not stock." Pl.'s Mot. Recon. at 4-5. This is a bridge too far. *Robinson* concludes only that the LLC interests in that case were not stock, not that they can never be so.

This Court, at the time of its earlier opinion, did not have before it evidence sufficient to conclude as a matter of law that no genuine issue of material fact existed regarding Defendants' NJUSL counterclaim. Sept. 4, 2013 Op. at 19, ECF No. 102. Given the submissions before it, the Court's conclusion was not a clear error of fact or law.

## II. Defendants' Cross-Motion for Dismissal

In response to Plaintiff Radulescu's motion for reconsideration, Defendants cross-move to dismiss the amended complaint for failure to prosecute under Fed. R. Civ. P. 41 and *Poulis v. State Farm Fire and Casualty*, 747 F.2d 863 (3d Cir. 1984) and for failure to comply with a Fed. R. Civ. P. 7(b) court order. Defs.' Opp'n. to Pl.'s Mot. Recon., Oct. 21, 2013, at 6-11, ECF No. 107-1.

A cross-motion must be "related to the subject matter of the original motion." L. Civ. R. 7.1(h). If no relation is clear, the court has discretion to deny a cross-motion, but may also "overlook mere 'technical deficiencies' and allow a motion to proceed." *Travelodge Hotels, Inc. v. BO-ED Inc.*, Civ. No. 04-4310 (HAA), 2007 WL 8053668, at *4 (D.N.J. 2007) (denying cross-motion regarding a discovery dispute where underlying motion regarded substantive

claims); *see also F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 125 (D.N.J. 1994) (similar).

Defendants' cross-motion to dismiss notes that Plaintiff Radulescu has for more than a year and a half failed to comply with a court order that the corporate Plaintiff, Sync Labs LLC, retain independent counsel. Op. and Order Affirming M.J. Arleo's June 7, 2012 Order Granting Mot. Disqualify, Dec. 18, 2012, ECF Nos. 60-61. Because Defendants' cross-motion does not relate to Plaintiff Radulescu's motion for reconsideration of this Court's opinion regarding summary judgment on Defendants' counterclaims, the cross-motion is denied.

## CONCLUSION

Plaintiff's motion for reconsideration and Defendants' cross-motion for dismissal are denied.

January 6, 2014

**/s/ William H. Walls**
United States Senior District Judge
