**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SYNC LABS LLC AND CODRUT RADU RADULESCU, | : <br> : <br> : |
| Plaintiffs, | : **OPINION** <br> : <br> : No. 2:11-cv-3671 (WHW) |
| v. | : <br> : <br> : |
| FUSION MANUFACTURING and MICHAEL FERCHAK, | : <br> : <br> : |
| Defendants. | : <br> : |

**Walls, Senior District Judge**

Defendants move for dismissal of the corporate Plaintiff, Sync Labs, under Federal Rule of Civil Procedure 41. Plaintiff Radulescu opposes and moves for default judgment under Rules 16 and 37. The motion has been decided from the written submissions of the parties under Rule 78. Defendants' motion is granted. Plaintiff's motion is denied.

## FACTUAL AND PROCEDURAL HISTORY

On January 27, 2012, Plaintiffs' lawyer, Edward Zohn, moved to withdraw as counsel, citing plaintiffs' "failure to abide by the terms of the retainer agreement." Mot. to Withdraw ¶ 4 (ECF No. 21-1). On February 9, 2012, Magistrate Judge Arleo granted Mr. Zohn's motion and ordered Sync Labs to retain counsel. Letter Order (ECF No. 22). She warned that if Sync Labs did not retain counsel by February 28, 2012, she would recommend dismissal of the complaint. *Id.* On that date, Plaintiff Radulescu informed the Court that he would himself appear as counsel for Sync Labs. Notice of Appearance (ECF No. 26).

1

**NOT FOR PUBLICATION**

On March 30, 2012, Defendants moved to disqualify Radulescu as counsel for Sync Labs. Defs.' Mot. to Disqualify (ECF No. 30). They argued that Radulescu, though he is an attorney in good standing, was barred from serving as counsel for the corporate plaintiff by New Jersey Rule of Professional Conduct 3.7, which prohibits a lawyer from serving as counsel in a matter where he is also a necessary witness; by Rule 1.7(a)(2), which prohibits a lawyer from representing a client where a conflict of interest exists; and by Rule 1.8(i), which prohibits a lawyer from acquiring a proprietary interest in the subject matter of the litigation. *Id.* On June 7, 2012, after hearing the parties, Judge Arleo ruled from the bench that a conflict existed and disqualified Radulescu from representing Sync Labs. Hr'g Tr. 23:25-24:3, 25:5-13, June 7, 2012 (ECF No. 38); *see also* Order Granting Defs.' Mot. to Disqualify (ECF No. 37).

On June 25, 2012, Radulescu moved to reconsider, ECF No. 39, but Judge Arleo denied the motion for reconsideration and, once again, ordered Sync Labs to retain counsel, ECF No. 49. On October 16, 2012, Radulescu appealed Judge Arleo's order to this Court, ECF No. 51, and this Court affirmed Judge Arleo's order, ECF Nos. 60-61. On or about January 2, 2013, Radulescu moved for reconsideration of that order. ECF Nos. 62, 68. While awaiting a response on that motion, Radulescu also moved, on February 22, 2013, for judgment on the pleadings. ECF No. 74.

On March 19, 2013, this court denied reconsideration of its affirmation of Judge Arleo's opinion and struck the motion for judgment on the pleadings because filed on behalf of both plaintiffs. ECF Nos. 82-83. On April 12, 2013, Radulescu refiled his motion for judgment on the pleadings on behalf of himself only. ECF No. 84. The motion and Defendants' opposition were accompanied by various exhibits, so the Court converted the motion to one for summary judgment and gave the parties an opportunity to supplement their submissions. Order Converting

NOT FOR PUBLICATION

to Summ. J., July 16, 2013 (ECF No. 96). Radulescu submitted various additional exhibits. ECF No. 98.

On September 4, 2013, this Court partially granted summary judgment in favor of Radulescu on his breach of contract claim and against Defendants on several of their counterclaims, but denied summary judgment as to Defendants' securities fraud counterclaim. ECF Nos. 102-03. Two weeks later, Radulescu moved for reconsideration, arguing that this Court should have dismissed the securities fraud counterclaim, too. ECF No. 104. Defendants opposed and cross-moved to dismiss Sync Labs from the action for failure to retain counsel as ordered by the Court. ECF No. 107. On January 6, 2014, this Court denied Radulescu's motion for reconsideration, finding that Radulescu had failed to cite an intervening change in law, present any genuinely "new evidence" or identify a clear error of law, as required on a motion for reconsideration. ECF Nos. 115-16. It denied Defendants' cross-motion because it did not relate to the underlying motion for reconsideration. *Id.*

On March 4, 2014, Defendants re-filed their cross motion as a motion to dismiss under Rule 41. ECF No. 120. Radulescu opposes and also cross moves for default judgment under Rules 16 and 37. ECF No. 122.

## DISCUSSION

### I. Defendants' Motion to Dismiss

Defendants ask the Court to dismiss the corporate plaintiff, Sync Labs, for its failure to retain counsel for over two years. Defs.' Mot. at 1.

#### a) Standard

The Federal Rules of Civil Procedure provide that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

3

claim against it." Fed. R. Civ. P. 41(b). Though it is "a harsh remedy and should be resorted to only in extreme cases . . . the authority to dismiss for lack of prosecution, both on defendants' motion and sua sponte, is an inherent '. . . control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)).

In determining whether dismissal is an appropriate sanction, courts in this district look to the six factors outlined by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*: (1) "[t]he extent of the party's personal responsibility"; (2) the "[p]rejudice to the adversary" caused by the party's action or inaction; (3) a "history of dilatoriness"; (4) whether the "conduct was willful or in bad faith"; (5) the effectiveness of "alternative sanctions" short of dismissal; and (6) the "[m]eritoriousness of the claim" or defense. 747 F.2d 863, 866 (3d Cir. 1984). The court should balance the factors, but not all of them need point to dismissal in order for dismissal to be the right outcome: "the decision must be made in the context of the district court's extended contact with the litigant." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

  b) **Application**

Defendants say dismissal of Sync Labs is warranted under the six factors outlined by the Third Circuit in *Poulis*. Defs.' Mot. at 6-8. Radulescu's response is a bit difficult to follow, but he essentially argues that the *Poulis* factors weigh against dismissal. His assertion that he "contacted several attorneys but could not secure representation" appears to be a claim that the failure to obtain counsel for Sync Labs was beyond its control and not its responsibility (*Poulis* factor 1), or at least was not willful or in bad faith (*Poulis* factor 4). Pl.'s Opp'n at 8 (ECF No. 122) (citing a list of attorneys Radulescu allegedly contacted, which appears in the record as an exhibit to an earlier submission, Radulescu Cert. Ex. 10 at 45, May 2, 2012 (ECF No. 31-1)). He

4

also suggests that there has been no prejudice to Defendants (*Poulis* factor 2) because, though Sync Labs has been sidelined by its lack of counsel, Radulescu himself has continued to advance the case. *Id.* at 7 ("Here even if Sync Labs remained passive, Pro Se Radulescu continued litigation as all company claims are common with Radulescu claims."). This echoes a previous argument Radulescu made to the Court, namely that it is not necessary to dismiss the corporate plaintiff from the case because it can remain as a "passive" party. *See* Radulescu's Reply Brief in Opp'n to Defs.' Cross Mot. to Dismiss, 12-15, Nov. 18, 2013 (ECF No. 111). Radulescu also argues that Defendants are equitably estopped from dismissing Sync Labs because, as part owners of Sync Labs, Defendants have a responsibility to help pay for the company's representation. Because that part ownership was the basis for disqualifying Radulescu from providing that representation himself, the argument goes, it would be inequitable to dismiss Sync Labs for lack of representation. Pl.'s Opp'n at 9 (ECF No. 122).

### c) Defendants' Motion to Dismiss Plaintiff Sync Labs is Granted

The question before the Court is not whether Sync Labs must retain independent counsel. That issue is settled. Judge Arleo disqualified Radulescu as counsel for Sync Labs on June 7, 2012, ECF No. 37, and that decision has been affirmed three times, ECF Nos. 49, 60, 82. Sync Labs has been under an order of the Court to retain counsel for two years. The question before the Court is only whether this disobedience of a court order is severe enough to warrant dismissal under *Poulis*.

The Third Circuit has made clear that a failure to comply with court orders, including an order to retain counsel, can justify dismissal under the *Poulis* factors. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir. 1992). *See also First Franklin Fin. Corp. v. Rainbow Mortgage Corp., Inc.*, No. 07-cv-5440 (JBS)(AMD), 2010 WL 4923341, at *7 (D.N.J.

**NOT FOR PUBLICATION**

Oct. 19, 2010), *report and recommendation adopted*, No. 07-cv-5440 (JBS)(AMD), 2010 WL 4923326 (D.N.J. Nov. 23, 2010) (striking corporate defendant's answer for failure to retain counsel and other failures); *Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007) (adopting magistrate judge's recommendation to dismiss complaint of corporate plaintiff).

In fact, it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel—that is, without a full *Poulis* analysis. *See Days Inns Worldwide, Inc. v. Platinum Hospitality Grp., LLC*, No. 10-cv-6454 (WJM) (MF), 2011 WL 4790765, at *1 n.1 (D.N.J. Sept. 20, 2011), *report and recommendation adopted*, No. 10-cv-6454 (WJM) (MF), 2011 WL 4753427 (D.N.J. Oct. 6, 2011) (striking corporate defendant's answer for failure to retain counsel and applying *Poulis* to pro se individual defendants only); *Kim v. Sharon Hanna Preschool & Acad.*, No. 11-cv-5797 (SDW)(MCA), 2012 WL 6839914, at *2 (D.N.J. Nov. 29, 2012), *report and recommendation adopted sub nom. Young Chul Kim v. Sharon Hanna Preschool & Acad.*, No. 11-cv-5797 (SDW)(MCA), 2013 WL 140094 (D.N.J. Jan. 9, 2013) (same); *Freeman v. McDowell*, No. 10-cv-1541 (ES)(CLW), 2012 WL 3240848, at *2 (D.N.J. Jan. 24, 2012), *report and recommendation adopted*, No. 10-cv-1541 (ES)(CLW), 2012 WL 3238841 (D.N.J. Aug. 7, 2012) (same).

That said, the Court has considered the motion under *Poulis*.

1) *Poulis Factor 1: Extent of the Party's Responsibility*

Where a party has instituted a suit through counsel, is on notice that its counsel has withdrawn and has been afforded an opportunity to retain new counsel, it is responsible for its failure to do so. *Opta Systems, LLC*, 483 F. Supp. 2d at 404. *See also Hayes v. Nestor*, No. 09-

cv-6092 (NLH) (AMD), 2013 WL 5176703, at *4 (D.N.J. Sept. 12, 2013) ("[N]o one but Plaintiff is responsible for her failure to . . . comply with court orders.").

Here, Radulescu's primary argument that Sync Labs is not responsible for its failure to secure counsel is that it cannot afford to pay and no lawyer will accept its case. Unfortunately, the Court has not found any case recognizing that as an adequate excuse. Even a decision cited by Plaintiff found a corporation's claim of "lack of resources" insufficient to justify its failure to retain counsel. *See* Pl.'s Opp'n at 15 (citing *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 37 (D.D.C. 2004)). Only a natural person may proceed in forma pauperis and "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).

This factor also appears to be the right place to consider Radulescu's argument that Defendants should foot the bill for the corporate Plaintiff's attorney fees. Radulescu has cited no law to support that argument or shed light on the percentage of the costs for which Defendants may be responsible. This *Poulis* factor weighs in favor of dismissal.

2) *Poulis Factor 2: Prejudice to the Adversary*

A party suffers prejudice if an adversary's shortcomings are "impeding [its] ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003). *See also Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 80 (3d Cir. 2012). The Third Circuit has also "construed prejudice to include the burden that a party must bear when forced to file motions in response to the strategic discovery tactics of an adversary." *Ware*, 322 F.3d at 223 (citation omitted).

Here, Radulescu's constant filing of meritless motions for reconsideration have imposed unfair costs on Defendants. Though the fact that Radulescu has continued to move the case

forward while Sync Labs is on the sidelines mitigates the prejudice to Defendants, this factor still weighs in favor of dismissal.

    3) *Poulis Factor 3: History of Dilatoriness*

Courts ordinarily find a history of dilatoriness upon a showing of "lengthy, ongoing, extensive, and continuous examples of a plaintiff's multiple, repeated failures to comply with court orders, appear for hearings, or engage in discovery." *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 178 (D.N.J. 2013).

Here, Sync Labs's only shortcoming is its failure to retain counsel, but that one shortcoming has now gone on for two years in the face of multiple court orders. This disobedience weighs in favor of dismissal.

    4) *Poulis Factor 4: Whether the Conduct was Willful or in Bad Faith*

"Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists." *Freeman v. McDowell*, 2012 WL 3240848, at *5 (citing *Ware*, 322 F.3d at 224). Here, it is clear from the submissions that Radulescu made a good faith effort to secure counsel for Sync Labs. But this was more than two years ago—Radulescu's citation for his efforts is a list of firms which he submitted to the Court on May 2, 2012. Pl.'s Opp'n at 8 (citing Radulescu Cert. Ex. 10 at 45). Inability to pay is not a reasonable excuse and so, as a legal matter, Plaintiff's conduct is "willful." This factor weighs in favor of dismissal.

    5) *Poulis Factor 5: Effectiveness of Sanctions Other than Dismissal*

The Court is mindful of directives from the Third Circuit and Supreme Court that dismissal with prejudice is a "harsh remedy" and that other sanctions are available. *See Marshall*, 492 F.2d at 918. The *Poulis* decision teaches that, under the Federal Rules, "the district court is

**NOT FOR PUBLICATION**

specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders." 747 F.2d at 869.

Sync Labs has remained in this case without counsel for two years. Radulescu has fought tooth and nail to serve as counsel for the corporation, including filing multiple motions for reconsideration to try to bring about that outcome. At this point, no sanction short of dismissal with prejudice will put this issue to rest. This factor weighs in favor of dismissal.

6) *Poulis Factor 6: Meritoriousness of the Claim*

The standard for meritoriousness is less stringent than that for summary judgment. *Poulis*, 747 F.2d at 869-70. Plaintiffs' claims clearly have merit—this Court granted summary judgment to Radulescu on several counts on January 6, 2014, including the Amended Complaint's count for breach of contract. ECF No. 115-16. Without drawing any legal conclusions regarding the merit of the claims by the corporate as opposed to the individual Plaintiff, this factor weighs against dismissal.

7) *Rule 41 Dismissal as to a Single Party*

Radulescu also argues that a Rule 41 dismissal is only appropriate if there has been no activity in the case as a whole—that it is inappropriate to dismiss one plaintiff when another plaintiff has been moving the case along. Pl.'s Opp'n at 5-6 (ECF No. 122-1). There is no merit to this argument.

Rule 41 provides that dismissal may be appropriate "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Radulescu is simply mistaken that total inactivity is required to justify a Rule 41 dismissal; failure to abide by a court order is an independent and sufficient rationale. Moreover, on the specific point raised by Radulescu, Third Circuit law is clear that the court can and should dismiss a corporate party for failure to retain counsel as ordered by the court, even while allowing the individual parties to remain in the

case pro se. *GLeS, Inc. v. MK Real Estate Developer & Trade Co.*, 511 Fed Appx. 189, 190 n.1 (3d Cir. 2013); *S.E.C. v. Lazare Industries, Inc.*, 294 Fed. Appx. 711, 713 n.1 (3d Cir. 2008); *Super 8 Motels, Inc. v. Sai Krupa, Inc.*, No. 06-cv-4972 (JAG)(MCA), 2007 WL 3231891, at *1 (D.N.J. Oct. 30 2007).

### d) Conclusion

Plaintiff Sync Labs has failed to retain counsel in violation of orders of this Court for two years. That is an exceptionally long time. Though Sync Labs's claims may have merit, Sync Labs alone is responsible for the delay, it has caused prejudice to defendant, the extended delay amounts to a history of dilatoriness, there is no reasonable excuse for it and no other sanction is likely to be adequate. Having considered the factors outlined by the Third Circuit in *Poulis*, the Court dismisses Sync Labs from this action with prejudice.

## II. Plaintiff's Cross Motion

Radulescu cross-moves for default judgment or to strike Defendants' Answer. Pl.'s Opp'n at 35. He essentially makes three allegations: that Defendants failed to attend a scheduled pre-trial conference, Pl.'s Opp'n at 14; refused to cooperate with discovery, including by failing to respond or specifically object to interrogatories, *id.* at 31-33; and fabricated evidence that prejudiced Plaintiff, *id.* at 3, 30.[1]

Defendants respond that Rule 16 does not provide for default judgment and that the cross-motion must be dismissed because it is not related to the motion to dismiss, as required by Local Civil Rule 7.1(h). Defs.' Reply and Opp'n to Pl.'s Cross Motion at 8 (ECF No. 127).

---

[1] The third allegation has no merit, as all of the alleged "fabrications" involve genuine disputes about material facts, such as whether Radulescu told Ferchak his investment would be refundable. *Id.* at 3.

**NOT FOR PUBLICATION**

    a) **Rule 16 Does Provide for Default Judgment**

Federal Rule of Civil Procedure 37 gives the court power to sanction a party for failing to comply with discovery requests, including failure to serve answers to interrogatories. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). Rule 37(b) lists the sanctions which the court may order, including striking a pleading, dismissing the action in whole or in part and rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v), (vi). Federal Rule of Civil Procedure 16(f), "Sanctions," gives the court power to sanction a party for missing a conference or failing to obey a pretrial order. Fed. R. Civ. P. 16(f)(1). That rule incorporates the sanctions listed in Rule 37(b). Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . ."); *see also In re Orthopedic "Bone Screw" Products Liab. Litig.*, 132 F.3d 152, 154 n.2 (3d Cir. 1997) ("Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court, incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)[(A)(v)] provision for dismissal for failure to comply with discovery orders.")

It is not the case that Rule 16 does not provide for default judgment. *See, e.g.*, *Halvajian v. Hillman*, No. 03-cv-5880 (HAA), 2006 WL 827853, at *4 (D.N.J. Mar. 30, 2006) ("This Court may enter a default judgment against Defendant either pursuant to Rule 55 or Rule 16(f)."). Defendants' argument that a Plaintiff must proceed pursuant to the procedure under Rule 55 is incorrect. Rules 16 and 55 provide distinct bases for dismissal or default.

As with a dismissal under Rule 41, dismissal under Rule 37 requires consideration of the *Poulis* factors. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013); *see also Mansaray v. Pumphrey*, No. 12-cv-6262 (JBS), 2013 WL 4008805 at *2 (D.N.J. Aug. 5, 2013) (extending *Knoll* to Rule 16). But a court looks to *Poulis* only if a district court is granting dismissal; when a

11

**NOT FOR PUBLICATION**

party "will still have [its] day in court . . . a '*Poulis* balance' is not required." *Hagans v. Henry Weber Aircraft Distributors, Inc.*, 852 F.2d 60, 66 (3d Cir. 1988).

    b) **The Cross Motion is Related to the Underlying Motion**

A cross-motion must be "related to the subject matter of the original motion." L. Civ. R. 7.1(h). If no relation is clear, the court has discretion to deny it. *See Travelodge Hotels, Inc. v. BO-ED Inc.*, No. 04-cv-4310 (HAA), 2007 WL 8053668, at *4 (D.N.J. Mar. 19, 2007) (finding cross-motion to compel unrelated to motion for summary judgment). But "to the extent that the Cross-Motion suffers from any technical deficiencies or strays from the Local Rules in a minimal way, it is within this Court's discretion to allow the Cross–Motion to proceed." *Davis v. Twp. of Paulsboro*, 371 F. Supp. 2d 611, 617 (D.N.J. 2005) (citation omitted).

Defendants move to dismiss Sync Labs for its failure to retain counsel. Plaintiff moves for default judgment for discovery violations. Because both motions are about the parties' compliance with court orders for non-substantive matters, they are sufficiently related for purposes of Local Civil Rule 7.1(h).

    c) **Defendants' Failure to Respond to Interrogatories Is Not Cause for Sanctions**

On October 28, 2011, Magistrate Judge Arleo issued an Arbitration Scheduling Order which, among other things, made interrogatories due November 18, 2011, with responses due within 30 days of receipt. ECF No. 12. At some point presumably before this deadline, Radulescu submitted to Defendants a list of interrogatories which "numbered 25," in compliance with the numerical limit found in Federal Rule of Civil Procedure 33(a), but Defendants objected because, including the numerous subparts, the number was in fact much higher. Letter from C. Hager, Dec. 13, 2011 (ECF No. 13); *id.*, Ex. A, Pls.' Interrogs. (ECF No. 13-1). Plaintiffs, who were still represented by counsel at the time, complained that Defendants had failed to object

12

specifically, as required by the Federal Rules. Letter from E. Zohn, Dec. 13, 2011 (ECF No. 14). The parties met and conferred, and Plaintiffs agreed to submit interrogatories compliant with the Federal Rules. Letter of C. Hager, Jan. 9, 2012 (ECF No. 17). But two weeks later, Plaintiffs' counsel moved to withdraw from the case. ECF No. 21. As far as the Court is aware, Plaintiffs never submitted conforming interrogatories.

It is true that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). It is also true, however, that an interrogatory may be improper simply by virtue of exceeding the numerical limit in Rule 33(a). *See Bowers v. Nat'l Collegiate Athletic Ass'n*, No. 97-cv-2600 (SMO)(RBK), 1998 WL 35180779, at *2 (D.N.J. Sept. 17, 1998) (after defendant refused to respond to excessive interrogatories, denying plaintiff's request to serve additional interrogatories and ordering it to serve amended interrogatories); *Katiroll Co., Inc. v. Kati Roll & Platters Inc.*, Nos. 10-cv-3620 (MAS)(TJB), 11-cv-4781 (MAS)(TJB), 2013 WL 3897598, at *2 (D.N.J. July 29, 2013) (approving report and recommendation denying motion to compel response to interrogatories which exceeded the numerical limit).

Plaintiff submitted more than 25 interrogatories without permission of the Court. This made them improper and Defendant was not required to respond to them.[2]

### d) Defendants' Failure to Attend the Conference is Not Cause for Sanctions

Three days before the parties were due to appear for a January 9, 2014 conference before Magistrate Judge Waldor, defense counsel wrote to the court requesting an adjournment, but Judge Waldor denied it. ECF Nos. 114, 118. After receiving this notice of denial, defense counsel appealed to Judge Waldor via phone, and her chambers made a verbal representation to

---

[2] Because the Court decides against dismissal or other sanction, a *Poulis* balance is not required.

13

**NOT FOR PUBLICATION**

Defendants that it would remove the conference from the calendar. At 7:11 a.m. on the morning of the conference, defense counsel wrote an e-mail to Radulescu, claiming that "Magistrate Judge Waldor has adjourned today's conference because I am on trial elsewhere." Pl.'s Opp'n, Radulescu Cert. Attachment 5, Pl.'s Exhibit 191, at 1 (ECF No. 122-7). Radulescu agreed to pick a new date and on January 9, defense counsel wrote to the court a second time:

> "As per the request made to me yesterday about my request to adjourn today's conference because I am on my feet elsewhere, I contacted Plaintiff Radulescu about his availability for the conference to occur in February. Because my trial is expected to last until mid-February, the parties in this case respectfully request a conference date with Your Honor later in February."

ECF No. 119. Radulescu now contests Defendants' representation—which appears both in that January 9 e-mail (ECF No. 122-7 at 1) and Defendants' Opposition to Radulescu's Cross-Motion for sanctions (ECF No. 127 at 2)—that Judge Waldor adjourned the January 9 conference. Letter of Plaintiff Radulescu, May 5, 2014 (ECF No. 128).

The dispute over the January 9, 2014 conference appears to spring from a misunderstanding. According to the docket, Judge Waldor denied Defendants' request to adjourn the conference. ECF No. 118. But Judge Waldor's chambers has confirmed with the Court that it spoke with defense counsel the evening before the conference and agreed to remove it from the calendar. This appears to be what defense counsel's letter refers to when it says, "As per the request made to me yesterday . . . ." ECF No. 119.

The Court declines to dismiss Defendants or otherwise sanction them under Rule 16 because it is not clear from the record that this is part of a dilatory strategy.[3] But delay has been the effect if not the intent: five months have passed since the date of the January 9, 2014

---

[3] Again, because the Court decides against dismissal or other sanction, a *Poulis* balance is not required.

14

**NOT FOR PUBLICATION**

scheduling conference, and neither party has made an effort to reschedule it. Discovery and other pre-trial matters have dragged on for far too long. The Court refers the case to Judge Waldor to schedule a Rule 16 conference as soon as is practicable to put in place a new scheduling order providing for expedited discovery which will get this case back on track.

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiff Sync Labs is dismissed with prejudice. Plaintiff's cross motion for default judgment against Defendants is denied.

June 11, 2014

**/s/ William H. Walls**
United States Senior District Judge
