NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SYNC LABS LLC and CODRUT RADU RADULESCU, | : | |
| Plaintiffs, | : | **OPINION** |
| v. | : | |
| FUSION MANUFACTURING and MICHAEL FERCHAK, | : | Civ. No. 11-3671 (WHW)(CLW) |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Codrut Radu Radulescu appeals Magistrate Judge Cathy L. Waldor's order of February 3, 2016, ECF No. 177, denying his motion for leave to file a second amended complaint. ECF No. 175. Defendants move for sanctions under Fed. R. Civ. P. 11, ECF No. 179, and Plaintiff seeks leave to file his own motion for sanctions. ECF No. 184. The Court decides these motions without oral argument under Fed. R. Civ. P. 78. Magistrate Judge Waldor's order is affirmed, Defendants' motion for Rule 11 sanctions is denied, and Plaintiff's request for leave to file a Rule 11 motion is denied as moot.

## BACKGROUND

This case, which has been before this Court for nearly five years, concerns a business partnership gone awry. Plaintiff Codrut Radu Radulescu, a citizen of New Jersey, began operating the dismissed Plaintiff Sync Labs LLC as a single-owner New Jersey limited liability company in 2007. First Amended Complaint, ECF No. 9 ¶¶ 1-2, 10. Defendant Michael Ferchak is the founder and managing director of Defendant Fusion Manufacturing. Ferchak Email, August 9, 2010, ECF No. 93-12 at 2. The Court has recounted the factual history of this case in

1

NOT FOR PUBLICATION

several opinions. The history in the Court's September 4, 2013 ruling on Plaintiffs' motion for summary judgment, ECF No. 102, is incorporated here by reference.

## I.    Factual history

In brief: after meeting Plaintiff Radulescu on a 2004 flight from Asia to the United States, ECF No. 9 ¶ 4, Defendant Ferchak became involved in Sync Labs by contributing services and capital. In 2008, Ferchak entered into an oral agreement, later memorialized in writing, to work part-time for Sync Labs in exchange for profit interest in the company. *Id*. ¶ 4; Work for Hire Agreement, ECF 93-6. In 2009, the parties entered into a "Funding Agreement," under which Ferchak agreed to provide $250,000 in "matching funds" to help Sync Labs qualify for an "Edison grant" from the New Jersey Commission on Science and Technology ("NJCST"). Ferchak Letter, Jan. 2, 2009, ECF No. 84-5; Funding Agreement, July 2, 2009, ECF No. 84-15. Ferchak transferred $20,000 to Sync Labs in August 2009, Pl.'s Decl., ECF No. 84-2 ¶ 10, but the parties soon had a falling-out. In 2010, Ferchak withdrew his $250,000 pledge of support, resigned from Sync Labs, and demanded that Radulescu refund the $20,000 he had provided in 2009. Radulescu refused. Declaration Christopher W. Hager, Esq., ECF No. 93-1 ¶¶ 25-29.

## II.    The amended complaint, counterclaims, and initial dispositive motions

In an amended complaint filed in this Court on September 28, 2011, Radulescu and Sync Labs brought the following ten causes of action against Ferchak and Fusion Manufacturing: breach of contract, ECF No. 9 ¶¶ 96-97; violation of New Jersey's LLC Act, *id*. ¶¶ 98-100; fraud, *id*. ¶¶ 101-04; theft, *id*. ¶¶ 105-06; breach of implied duties and covenants, ¶¶ 107-09; tortious interference with a prospective economic advantage, *id*. ¶¶ 110-12; breach of warranties, *id*. ¶¶ 113-15; promissory estoppel, *id*. ¶¶ 116-21; conversion, *id*. ¶¶ 122-27; and defamation, *id*. ¶¶ 128-33.

2

NOT FOR PUBLICATION

Defendants filed counterclaims for breach of contract, Amended Counterclaim, ECF No. 20 ¶¶ 16-18; violation of the New Jersey Wage and Hour Law, in particular the Wage Payment Law (NJWPL), *id.* ¶¶ 19-20; and violation of the New Jersey Uniform Securities Law (NJUSL), *id.* ¶¶ 21-25.

Plaintiff Radulescu, a licensed attorney, initially represented both himself and Plaintiff Sync Labs. On June 7, 2012, Magistrate Judge Madeline C. Arleo disqualified Radulescu as counsel for Sync Labs and ordered Sync Labs to obtain independent counsel by July 6, 2012. ECF No. 37. Plaintiff Radulescu filed a motion for reconsideration, which Magistrate Judge Arleo denied. ECF No. 49. Radulescu then appealed the order to this Court. The Court denied the appeal, ECF No. 60, as well as Radulescu's subsequent motion for reconsideration of the Court's denial. ECF No. 82.

On September 4, 2013, the Court granted summary judgment in favor of Plaintiff Radulescu with respect to his breach of contract claim and Defendants' breach of contract and NJWPL counterclaims. The Court also denied Radulescu's motion for summary judgment with respect to Defendants' NJUSL counterclaim. ECF No. 102.

Plaintiff Radulescu moved for reconsideration of the summary judgment decision on September 18, 2013, ECF No. 104, and Defendants filed a cross-motion to dismiss the claims of Plaintiff Sync Labs for failure to prosecute and failure to comply with Magistrate Judge Arleo's order to obtain counsel. ECF No. 107. The Court denied both motions in one opinion on January 6, 2014, holding in part that Defendants' motion was not "related to the subject matter" of Radulescu's motion, as required by L. Civ. R. 7.1(h). ECF No. 115 at 8.

Defendants then filed a renewed motion for dismissal of Plaintiff Sync Labs under Fed. R. Civ. P. 41. ECF No. 120. Plaintiff Radulescu filed a cross-motion for default judgment,

NOT FOR PUBLICATION

claiming that Defendants had failed to attend a pre-trial conference, refused to cooperate with discovery, and fabricated evidence. ECF No. 122. On June 1, 2014, the Court dismissed Plaintiff Sync Labs from the action with prejudice and denied Plaintiff Radulescu's cross-motion for default judgment. ECF No. 129.

### III.     The discovery disputes

What followed were nearly 18 months of discovery disputes overseen by Magistrate Judge Waldor, to whom the case was reassigned at the end of 2012. On December 10, 2014, Magistrate Judge Waldor issued an amended scheduling order that required Plaintiff Radulescu to file any motion to amend or correct his first amended complaint by April 30, 2015 and set May 1, 2015 as the final date of factual discovery. ECF No. 132. The parties continued to request relief on various discovery issues. On August 5, 2015, Magistrate Judge Waldor held a conference between the parties to discuss several disputes, including (1) whether Radulescu could subpoena internet service providers ("ISPs") for allegedly unproduced communications involving Ferchak he claimed were stored on their servers, *see* Def. Mot. Relief, ECF No. 141, and (2) whether Radulescu could block the New Jersey Department of the Treasury's ("Treasury Department") release of materials related to Sync Labs' Edison grant application sought by Defendants under New Jersey's Open Public Records Act ("OPRA"). *See* Radulescu Mot. Seal, ECF No. 145. Magistrate Judge Waldor (1) quashed Radulescu's subpoena to the ISPs, (2) ordered Defendants to file a certification stating whether the ISPs had any relevant, discoverable communications stored on their servers, (3) ordered Radulescu to provide evidence demonstrating that the Edison grant materials were non-public under OPRA, and (4) granted Radulescu permission to file a motion for leave to amend his complaint. ECF No. 154; ECF No. 158 (clarifying ECF No. 154). Magistrate Judge Waldor instructed Plaintiff Radulescu to file the

4

NOT FOR PUBLICATION

motion to amend "after September 15," Hearing Transcript, Aug. 5, 2015, ECF No. 175-29 at 69:11-16, and specifically directed Radulescu to address whether good cause existed under Fed. R. Civ. P. 16(b)(4) to permit filing after the initial April 30, 2015 deadline. ECF No. 154.

On September 28, 2015, Magistrate Judge Waldor denied Radelescu's motion to seal the Edison grant documents, ECF No. 160, but the parties continued to dispute whether the documents were properly discoverable. *See* Radulescu Letter, ECF No. 168 (Arguing, on November 30, 2015, that the Treasury Department had mistakenly released the documents, that Magistrate Judge Waldor's September 28 order was incorrectly decided, and that Defendants had ignored requests from the Treasury Department to destroy their copies of the documents).

**IV.    The motions for leave to file a second amended complaint**

On December 11, 2015, Plaintiff Radulescu filed a motion for leave to file a second amended complaint. ECF No. 169. Radulescu withdrew the motion on December 29 after receiving a notice of intent to file Rule 11 sanctions from Defendants' counsel. *See* Motion to Withdraw Remark, ECF No. 171; Christopher W. Hager, Esq. letter regarding Rule 11 sanctions, ECF No. 171-1. On January 23, 2016, Plaintiff Radulescu filed a second motion for leave to file a second amended complaint. ECF No. 175. The proposed second amended complaint brings twenty-two causes of action against the existing Defendants and several new Defendants and three causes of action against the Treasury Department. In the first ten counts, Plaintiff Radulescu reasserts, on behalf of himself only, the same ten causes of action brought in the first amended complaint. Proposed Second Amended Complaint, ECF No. 175-5 ¶¶ 1-250. In the eleventh through nineteenth counts, Plaintiff Radulescu reasserts, on behalf of the dismissed Plaintiff Sync Labs as its "assignee of choses [sic] in action and property," all of the causes of action brought in the first amended complaint other than the defamation claim. *Id.* ¶¶ 251-294.

NOT FOR PUBLICATION

Plaintiff Radulescu adds Cynthia Ferchak, the mother of Michael Ferchak and a "principal" in the allegedly pledged Sync Labs investment, as a Defendant in the first nineteen counts. *Id.* ¶¶ 99-100. In Count Twenty, Plaintiff Radulescu brings an action against Defendant Michael Ferchak and new Defendant Paul Dunning for fraudulent transfer, in violation of N.J.S.A. 25:2-25, alleging that Ferchak and Dunning secretly transferred the assets of Defendant Fusion Manufacturing to another company under their control, new Defendant Fusion Glassworks LLC, after the Court granted summary judgment on Radulescu's breach of contract claim. *Id.* ¶¶ 295-299. In Count Twenty-One, Plaintiff Radulescu charges Defendants with tortious concealment and spoliation of evidence, claiming that Ferchak intentionally erased or discarded the electronic communications Radulescu sought from the ISPs. *Id.* ¶¶ 300-308. In Count Twenty-Two, Radulescu charges Defendants with accessing, tampering with, and altering or copying data on his computer networks, in violation of N.J.S.A. § 2A:38A-3. *Id.* ¶¶ 309-314. Finally, in Counts Twenty-Three, Twenty-Four, and Twenty-Five, respectively, Radulescu brings claims against the Treasury Department under Title 47 of the New Jersey Statutes, which governs control of public records, Title 59, which governs claims against public entities, and for violating his "statutory and constitutional rights for right compensation" by releasing the allegedly confidential Edison grant documents to Defendants. *Id.* ¶¶ 315-338.

After hearing oral argument on February 2, 2016, Magistrate Judge Waldor denied Plaintiff Radulescu's motion for leave to file the second amended complaint. ECF No. 177. At oral argument, Magistrate Judge Waldor indicated that Radulescu had failed to demonstrate good cause to justify the late filing of Counts One through Nineteen, Twenty-One, and Twenty-Two, Hearing Transcript, Feb. 2, 2016, ECF No. 178 at 39:23-40:1, 41:24-42:1, that Count Twenty is untimely and inadequately pled, *id.* at 41:8-11, and that an amendment to assert the three claims

NOT FOR PUBLICATION

against the Treasury Department would be futile because the claims are untimely and do not

relate to the initial action. *Id*. at 42:2-9.

**V.      The motions at issue**

After seeking sanctions at oral argument, *see id*. at 17:21-24, Defendants filed a motion

for monetary sanctions against Plaintiff Radulescu under Fed. R. Civ. P. 11 on February 10,

2016. ECF No. 179. Defendants argue that Radulescu's second motion for leave to file a second

amended complaint was "frivolous and harassing." *Id*. at 2. Plaintiff Radulescu filed a brief in

opposition on February 22, 2016, requesting leave to file his own motion for Rule 11 sanctions

against Defendants' counsel for making a "bad faith" request for sanctions. ECF No. 184 at 4.

Finally, on March 1, 2016, Plaintiff Radulescu filed an appeal of Magistrate Judge

Waldor's denial of his second motion for leave to file a second amended complaint. ECF No.

187. Radulescu makes several arguments, including that he demonstrated good cause for the late

filing of his motion, *id*. at 7-12, that Magistrate Judge Waldor violated the Federal Rules of Civil

Procedure by deciding the motion before the designated motion day, *id*. at 13-16, and that

Magistrate Judge Waldor made erroneous findings of fact. *Id*. at 17-20. Defendants filed a brief

in opposition on March 17, 2016, ECF No. 188, and Radulescu filed a reply brief on March 28,

2016. ECF No. 190.

The Court now addresses (a) Plaintiff Radulescu's appeal, (b) Defendants' motion for

Rule 11 sanctions, and (c) Radulescu's request for leave to file a Rule 11 motion.

## STANDARD OF REVIEW

**I.      Appeal of a magistrate judge's non-dispositive ruling**

A magistrate judge may hear and determine any non-dispositive pretrial matter pending

before a district court, including motions to amend pleadings. *Miller v. Beneficial Management*

NOT FOR PUBLICATION

*Corp.*, 844 F. Supp. 990, 997-98 (D.N.J. 1993); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

A district court may only reconsider a magistrate's ruling on a non-dispositive pretrial matter if it

is "clearly erroneous or contrary to law." *United Steelworkers of America v. New Jersey Zinc*,

828 F.2d 1001, 1005 (3d Cir. 1987); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R.

72.1(c)(1)(A). A decision is "contrary to law" if the magistrate judge has misinterpreted or

misapplied applicable law. *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J.

1998). A decision is "clearly erroneous" if the reviewing court, when looking at the evidence that

was presented to the magistrate judge, is left with the "definite and firm conviction that a mistake

has been committed." *Richardson v. Allied Interstate, Inc.*, 2010 WL 3404978, at *3 (D.N.J.

Aug. 26, 2010) (quoting *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63,

65 (D.N.J. 1990)). Absent a finding that the decision was clearly erroneous or contrary to law,

the reviewing court may not reverse a magistrate judge's decision, even if the reviewing court

might have decided the matter differently. *Cardona v. General Motors Corp.*, 942 F. Supp. 968,

971 (D.N.J. 1996).

## II.    Rule 11 sanctions

Under Federal Rule of Civil Procedure 11, a district court may impose sanctions on

parties or their attorneys if they have violated subdivision (b) of the Rule. Fed. R. Civ. P. 11(c).

Under subdivision (b), an attorney must certify that "to the best of [his or her] knowledge ...

formed after an inquiry reasonable under the circumstances:" (1) papers submitted to the court

are not "being presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation;" (2) "the claims, defenses, and other legal contentions

are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law or for establishing new law;" (3) "the factual contentions have evidentiary

NOT FOR PUBLICATION

support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

The standard for imposing Rule 11 sanctions is one based upon objective reasonableness under the circumstances. *See Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991), *cert. denied*, 502 U.S. 939 (1991). Sanctions are appropriate only if "the filing [at issue] constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Bad faith on the part of the filer is not required, *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (citations omitted), but subjective good faith is insufficient to avoid sanction. *See Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). The court must examine the objective knowledge of the attorney at the time the challenged paper was signed to determine whether the claim was well grounded in both law and fact. *See Cooler & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399 (1990); *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988), *cert. denied*, 488 U.S. 848 (1989); *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir. 1985). An attorney must "[s]top, [t]hink, [i]nvestigate and [r]esearch before filing papers either to initiate a suit or to conduct the litigation." *Gaiardo*, 835 F.2d at 482. However, sanctions are warranted "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.*, 930 F 2d at 289 (citing *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)).

NOT FOR PUBLICATION

# DISCUSSION

## I.     The appeal of Magistrate Judge Waldor's decision

The Court affirms Magistrate Judge Waldor's denial of Plaintiff's motion for leave to amend his complaint.

Under Fed. R. Civ. P. 15(a), a party may amend his pleading "once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Otherwise, "[t]he court should freely give leave [to amend] when justice so requires." *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend a complaint is left within the discretion of the court. *Foman*, 371 U.S. at 182. Generally, "absent undue or substantial prejudice," leave to amend should generally be granted "unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal quotations and citations omitted). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988). For that reason, the court applies the "plausibility" standard which applies to motions to dismiss under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Where a party seeks to amend its pleadings after a deadline set by a court order, Rule 16(b) requires that the party first demonstrate "good cause" for its failure to comply with the scheduling order. *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (E.D. Pa. 2010)

10

NOT FOR PUBLICATION

(citations omitted); *see also* Wright, Miller, & Kane, Federal Practice and Procedure, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2010) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16 standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."). The "good cause" standard "focuses on the moving party's burden to show due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) ("[T]he court may modify the schedule on a showing of good cause if it cannot be reasonably met despite the diligence of the party seeking the extension") (quoting Fed. R. Civ. P. 16, Advisory Committee Note (1983)). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Lucia v. McClain & Co, Inc.*, 2013 WL 4517976, at *6 (D.N.J. Aug. 23, 2013) (citing cases).

### A. Counts One through Nineteen

Plaintiff Radulescu states that he only appeals the denial of leave to assert Counts Twenty through Twenty-Five, ECF No. 187 at 5, but he makes arguments about all counts of the proposed second amended complaint. To the extent Radulescu also appeals Magistrate Judge Waldor's denial of leave to reassert Counts One through Ten on behalf of himself and assert Counts Eleven through Nineteen as the assignee of Sync Labs' legal claims, the Court agrees with Magistrate Judge Waldor's conclusion that these claims are "regurgitations" of the first ten counts in the first amended complaint, ECF No. 178 at 38:4, and that Plaintiff Radulescu could

NOT FOR PUBLICATION

have attempted to assert these claims "on the day that that ruling was made that Sync Labs was

out of the case," in January 2014. *Id.* at 39:15-17.

Radulescu's argues that good cause exists for the late filing because he was wrongly

denied discovery on the ten claims in the first amended complaint. ECF No. 187 at 8-10. Even if

this is true (and even if Radulescu is indeed authorized to bring claims on behalf of Sync Labs),

this argument is irrelevant: Radulescu did not need discovery to assert "new claims" in Counts

Eleven through Nineteen that are the same as the claims in the first amended complaint.

Radulescu provides no other reason for his failure to comply with the scheduling order.

Magistrate Judge Waldor's denial of leave to amend the first nineteen counts was not contrary to

law or clearly erroneous.

**B. Count Twenty**

The Court also finds that Magistrate Judge Waldor's rejection of Count Twenty, which

charges Defendant Ferchak and new Defendant Paul Dunning with fraudulently transferring the

assets of Defendant Fusion Manufacturing into Fusion Glassworks LLC, in violation of N.J.S.A.

25:2-25, was not contrary to law or clearly erroneous. Plaintiff Radulescu claims Count Twenty

was denied because Magistrate Judge Waldor held him to an unfairly high pleading standard,

requiring him to demonstrate "clear knowledge" of the facts alleged in the complaint. ECF No.

187 at 14. The hearing transcript shows otherwise. Magistrate Judge Waldor stated that Count

Twenty is "pled very scantily" and is "incomprehensible," suggesting that it does not meet the

"short and plain statement of the claim" pleading standard of Fed. R. Civ. P. 8(a)(2), ECF No.

178 at 41:10-11; implied that Radulescu had failed to demonstrate good cause for the late

amendment under Rule 16, noting that Count Twenty was "again filed in 2016" when "[t]his

NOT FOR PUBLICATION

action was started in 2011," *id.* at 41:9-10; and stated that allowing Radulescu to assert this additional count would be "highly prejudicial" to Defendants. *Id.* at 9:21-23.

According to Plaintiff Radulescu, the allegedly fraudulent transfer took place "within weeks" of this Court's September 4, 2013 summary judgment ruling, ECF No. 187 at 15, but he did not seek to assert a fraudulent concealment claim until January 2016. Radulescu argued before Judge Waldor that good cause existed to file the claim two years after it accrued because he first learned about Fusion Glassworks in his 2015 deposition of Defendant Ferchak and discovered Defendant Dunning's connection to Fusion Manufacturing while conducting online research after the deposition. ECF No. 178 at 5:14-22. Assuming this is true, Radulescu still has not demonstrated that he was "diligent" in discovering and bringing the claim. Nor will the Court disturb Magistrate Judge Waldor's finding that it would be unduly prejudicial to Defendants – especially Dunning, who is not yet a party in this action – to assert a new claim, based on newly alleged facts that are only indirectly related to the Sync Labs investment originally at issue in this case, nearly five years after the filing of the first complaint and over two years after the alleged misconduct at issue. Magistrate Judge Waldor's denial of leave to add Count Twenty was not clearly erroneous or contrary to law.

### C. Count Twenty-One

Count Twenty-One is a claim against Defendants for tortious concealment and spoliation of evidence regarding the email communications that were the subject of Plaintiff Radulescu's ISP subpoenas and Magistrate Judge Waldor's August 5, 2015 conference. *See* ECF No. 154. Magistrate Judge Waldor noted that this claim runs contrary to Defendants' certification, served on Plaintiff Radulescu, that the communications he seeks do not exist or are not within Defendant Ferchak's possession. ECF No. 128 at 23:3-7; *see also* ECF No. 162-1 (certification

NOT FOR PUBLICATION

that "there are no additional discoverable electronic communications beyond that which have already been produced."). Defendants' counsel also stated at the hearing of the motion to amend that "[t]here's clearly been no spoliation," and that Defendant Ferchak has produced all relevant documents in his possession. *Id.* at 27:16-18. As Plaintiff Radulescu admits, "Ferchak declared under oath that all relevant [communications] he had was destroyed and therefore nothing was produced through discovery." ECF No. 187 at 11. In spite of this, Radulescu continues to insist that Defendant Ferchak is lying and that documents were intentionally destroyed. Radulescu argues that his insistence, without any additional factual allegations, creates a "reasonable possibility of existence of electronic communications . . . that were concealed by defendants." *Id.* A "reasonable possibility," though, would not be enough to survive Rule 12(b)(6) dismissal. Allegations that do not "permit the court to infer more than the mere possibility of misconduct" fail to state a plausible claim for relief, *Iqbal*, 556 U.S. at 679, so amendment would be futile under the 12(b)(6) standard.[1] Magistrate Judge Waldor's decision is affirmed.

**D. Count Twenty-Two**

Magistrate Judge Waldor dismissed Count Twenty-Two, which charges Defendant Ferchak with searching Plaintiff Radulescu's computer in violation of N.J.S.A. 2A:38A-3, because Radulescu did not provide good cause under Rule 16 for his failure to include the claim in the first amended complaint in 2011. ECF No. 178 at 42:24. Plaintiff now states that Count Twenty-Two actually charges Defendants with unlawfully accessing his computers in 2015. ECF

---

[1] In any event, in conducting a 12(b)(6) analysis, the Court is not required to simply "accept facts as stated," as Plaintiff Radulescu claims. ECF No. 187 at 15. The Court may also consider documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1357 at 299 (3d ed. 2014). Plaintiff Radulescu's proposed second amended complaint specifically references Defendant Ferchak's certification that no additional discoverable materials exist. *See* ECF No. 175-5 ¶¶ 202-06.

14

NOT FOR PUBLICATION

No. 187 at 16-17. It appears, from the proposed second amended complaint, that Radulescu claims documents produced to him by Defendants during discovery in March and April 2015 must have been stolen from his computer because he had not otherwise made copies of the documents public. *See* ECF No. 175-5 ¶¶ 164-67.

The Court agrees with Magistrate Judge Waldor that Count Twenty-Two is "sparsely pled," ECF No. 178 at 30:6-7, and finds that amendment would be futile because, again, Radulescu's allegations allow the Court to infer only the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 678-79. In any event, the cause of action arose before Radulescu's initial filing deadline of April 30, 2015, and well before his second motion for leave to amend was filed on January 23, 2016. Plaintiff does not show Rule 16 good cause for his failure to bring the claim in a timely manner. Magistrate Judge Waldor did not err or make a finding contrary to law.

**E.  Counts Twenty-Three through Twenty-Five**

Finally, Plaintiff challenges Magistrate Judge Waldor's denial of leave to bring three causes of action against the Treasury Department for allegedly providing confidential, non-OPRA-discoverable documents to Defendants. Magistrate Judge Waldor held that these claims are "not related to this suit" and that amendment would be futile. ECF No. 178 at 42:4-9. Previously, Magistrate Judge Waldor denied Plaintiff Radulescu's motion to seal the same documents and ruled that that they *are* discoverable under OPRA. ECF No. 160. Radulescu argues, as he has done in the past, *see* ECF No. 168, that Judge Waldor's denial of the motion to seal was incorrect. ECF No. 187 at 17. He provides no real basis for this conclusion, and his attempt to bring claims against the Treasury Department on a decided issue would be futile. The Court also observes that Counts Twenty-Three and Twenty-Four, which refer to the general

NOT FOR PUBLICATION

Titles 47 and 59 of the New Jersey Statutes, do not state actual causes of action under any statute

in either Title.

### F.  Additional concerns

Plaintiff Radulescu claims that Magistrate Judge Waldor's decision was "contrary to the

procedural due process of law" because she denied his motion to amend on February 2, 2016,

two weeks before the motion day provided by L. Civ. R. 78.1(a). As a result, Radulescu says he

had insufficient time to prepare for oral argument. ECF No. 187 at 13-14. Putting aside that

Plaintiff Radulescu had months, if not years, to prepare arguments on most of the proposed

amended claims, any harm caused by the timing of Magistrate Judge Waldor's ruling has been

made harmless by the nearly four weeks Radulescu was given to file this appeal. Even with the

benefit of this additional time, Plaintiff Radulescu fails to demonstrate that he should be

permitted to file a second amended complaint.

### II.      Defendants' motion for Rule 11 sanctions

Defendants seek an order sanctioning Plaintiff Radulescu under Fed. R. Civ. P. 11 and

directing him to pay $14,347.50 in monetary sanctions, which Defendants claim represent

reasonable attorneys' fees for Defendants' counsel's work opposing Radulescu's motions for

leave to amend between October 2015 and February 2016. ECF No. 179 ¶¶ 31-14. Defendants

do not specify which section of Rule 11(b) Radulescu allegedly violated, but state that Counts

One through Nineteen of the proposed second amended complaint are "copy and paste

reiterations" of Plaintiff Radulescu's original causes of action asserted on behalf of a dismissed

party, *id.* ¶¶ 17, 27-28, and describe the previously-discussed discovery disputes that are the

subjects of the Counts Twenty through Twenty-Five. *See id.* ¶¶ 3-4 (describing dispute over

allegedly unproduced Ferchak electronic communications) 11-12, 27 (describing dispute over

16

NOT FOR PUBLICATION

Edison grant documents released by the Treasury Department and noting Radulescu's agreement at oral argument with statement that Treasury Department claims had "nothing whatsoever" to do with his original case).

Plaintiff Radulescu argues that this motion must be denied on procedural grounds because Defendants did not file a brief in support of the motion, made legal arguments in the declaration of counsel Christopher Hager, failed to give Plaintiff advance notice of the motion in violation of Fed. R. Civ. P. 11(c)(1), and failed to serve Plaintiff with the motion in violation of Fed. R. Civ. P. 11(c)(2). ECF No. 184 at 1-2. As discussed, though, Defendants *did* provide Plaintiff Radulescu with a Rule 11 notice in response to his first motion for leave to file a second amended complaint, describing the nature of their Rule 11 claim. *See* ECF No. 171-1. Radulescu withdrew the motion but filed a nearly identical one the next month, inserting Rule 16 arguments and bringing additional causes of action against the Treasury Department. ECF No. 175.

In any event, sanctions are not warranted here. As an initial matter, "mere failure to prevail does not trigger a Rule 11 sanction order." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99 (3d Cir. 1988) (citations omitted). And although the Court agrees that Plaintiff Radulescu failed to show Rule 16 good cause for the late filing of his motion to amend, he did attempt to justify the filing by describing, in detail, the contentious nature of discovery. *See* ECF No. 175 at 4-8. Without accepting Plaintiff's account of events, the Court agrees that discovery *was* contentious and that both parties continued to raise new issues of fact throughout 2015. With respect to Plaintiff Radulescu's proposed claims against the Treasury Department in particular, although the Court repeats that Magistrate Judge Waldor had already ruled that the Edison grant documents in question were not confidential, *see* ECF No. 160, both parties' continued communications with the Treasury Department raised additional factual issues regarding the

17

NOT FOR PUBLICATION

discoverability of the documents. *See* ECF No. 184 at 3-4. The Court affirms Magistrate Judge

Waldor's denial of Plaintiff Radulescu's motion to amend without hesitation, but it cannot find

that the motion to amend was so "patently unmeritorious or frivolous" as to merit sanctions.

*Ford Motor Co.*, 930 F 2d at 289. Defendants' motion for sanctions is denied.[2]

### III.    Plaintiff's request to move for sanctions

In his opposition to Defendants' motion for Rule 11 sanctions, Plaintiff seeks leave to file

his own motion for Rule 11 sanctions against Defendants' counsel Hager. ECF No. 184 at 4. As

a matter of law, although parties are directed to file a Rule 11 motion "as soon as practicable

after discovery of the Rule 11 violation," *Pensiero*, 847 F.2d at 100, Plaintiff may move for

sanctions any time before the challenged filing is withdrawn, Fed. R. Civ. P. 11(c)(2), or final

judgment is entered in the case. *Pensiero*, 847 F.2d at 100; L. Civ. R. 11.3. It follows that

Plaintiff Radulescu may file a motion with or without the permission of the Court, though he is

cautioned against exposing himself to sanctions again by causing "unnecessary delay" and

"needlessly increas[ing] the cost of litigation" in this five-year-old case by filing a "frivolous

argument" without "evidentiary support" in order to "harass" Defendants. Fed. R. Civ. P. 11(b).

Continued squabbling from both sides will only prevent this matter from being resolved. It is

time to move forward.

---

[2] Some courts have held the filings of attorneys who represent themselves, as Plaintiff Radulescu does here, to the "less stringent standard" applied to ordinary *pro se* plaintiffs. *See, e.g., Cooper v. Farmers New Century Ins. Co.*, 607 F. Supp. 2d 175, 179 (D.D.C. 2009) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Stoltz v. Macurdy*, 2009 WL 1120034, at *1 n.1 (D. Col. Apr. 27, 2009); *but see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Goodlove v. Bamberger, Foreman, Oswald, and Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *Capogross v. State Farm Ins. Co.*, 2010 WL 3404974, at *19 (D.N.J. Aug. 26, 2010) (declining to give special consideration to briefs of *pro se* lawyers). Plaintiff avoids sanctions under either standard.

NOT FOR PUBLICATION

## CONCLUSION

Magistrate Judge Waldor's decision denying Plaintiff Radulescu's second motion for leave to file a second amended complaint is affirmed. Defendants' motion for Rule 11 sanctions is denied, and Plaintiff's request for leave to file a motion for Rule 11 sanctions is granted as of right. An appropriate order follows.

DATE: *18 May 2016*

            William H. Walls
            Senior United States District Court Judge