NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYNC LABS LLC and CODRUT RADU RADULESCU, <br><br> Plaintiffs, <br><br> v. <br><br> FUSION MANUFACTURING and MICHAEL FERCHAK, <br><br> Defendants. | **OPINION AND ORDER** <br><br><br> Civ. No. 11-3671 (WHW)(CLW) |

**Walls, Senior District Judge**

Plaintiff Codrut Radu Radulescu moves to remand this action to the New Jersey Superior Court. ECF No. 210. Plaintiff opposes the motion in a letter brief under Local Civil Rule 7.1(d)(4). The Court decides this motion without oral argument under Fed. R. Civ. P. 78. Plaintiff's motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been recounted in several opinions over the last six years. *See, e.g.*, ECF Nos. 102, 207. The parties are former business partners in Sync Labs LLC whose partnership went awry. Following the dissolution of the relationship, Mr. Radulescu filed suit in New Jersey Superior Court on behalf of himself and Sync Labs LLC, against Mr. Ferchak and his company, Fusion Manufacturing. ECF No. 1. Defendants removed the case to federal court, where the matter has continued for far longer than the parties' joint venture. *Id.* The past six years of litigation have been hotly contested. The Court has decided multiple motions to dismiss, leading to the dismissal with prejudice of Plaintiff Sync Labs LLC on June 11, 2014, ECF No. 129, and two motions for summary judgment, resulting in the entry of judgment on nine of the

1

ten claims Plaintiff asserts in the Amended Complaint. ECF Nos. 102, 207. During these six years, the issue of jurisdiction was never contested or even raised, but Plaintiff now moves to remand this case to state court for lack of subject matter jurisdiction. ECF No. 210.

Plaintiff argues that the case was not removable to federal court because there was not complete diversity of citizenship among the parties at the time of removal. ECF No. 210-4 at 1. Though Defendants certified in the Notice of Removal that former Plaintiff, Sync Labs LLC, was a citizen of New Jersey because it was both registered and had its principal place of business in New Jersey, this certification was incorrect because it used the wrong standard to determine the citizenship of an LLC. *Id.* at 6 (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2010)). Plaintiff argues that Sync Labs LLC was actually a citizen of both New Jersey and Florida because a Limited Liability Company is considered a citizen of the state of each of its members. *Id.* at 2. Plaintiff therefore maintains that the complete diversity requirements of 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b) were not met at the time of removal because Defendant Ferchak and Plaintiff Sync Labs LLC were both citizens of Florida. *Id.* Though Sync Labs was subsequently dismissed with prejudice as a party, Plaintiff contends that dismissal "is of no consequence to the merit of this motion to remand" because the "voluntary-involuntary rule provides that an involuntary dismissal of a non-diverse party does not create diversity jurisdiction." Based on the Court's lack of complete diversity at the case's inception, Plaintiff requests that the Court remand the action to the New Jersey Superior Court. *Id.*

Defendant responds that complete diversity currently exists between the parties to this lawsuit, and that the issue of Sync Labs' citizenship is res judicata as a result of the entry of judgment against it. ECF No. 211 at 2. Defendant further argues that the voluntary-involuntary rule is irrelevant to the consideration of this motion because "removal in violation of the

voluntary-involuntary rule is a procedural defect" that "does not affect the subject matter jurisdiction of the courts," and because objections based on the voluntary-involuntary rule must be made within thirty days.

Though the parties do not raise this issue in their briefs, it appears to be uncontested that Defendant Ferchek resigned as a member of Sync Labs on April 1, 2010. ECF No. 1 ¶ 49. Defendant does not argue in his letter brief that he was not a member of Sync Labs LLC at the time of the filing of this suit, and the Court has not been provided with any documentation to allow it to identify the members of Sync Labs LLC at the time the Complaint was filed. The question of whose citizenship constitutes part of the LLC's citizenship is ultimately governed by the law of the state of incorporation. *See, e.g., Dumann Realty, LLC v. Faust*, No. 09 CIV. 7651 JPO, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013); *CR Holding Company, LLP v. Campbell*, No. 11 Civ.2051(JWL), 2011 WL 2357649, at *3 (D.Kan. June 3, 2011). At the time of Ferchek's resignation from Sync Labs in April 2010, a member of an LLC could resign upon not less than 6 months' prior written notice to the limited liability company and each of its members. N.J. Stat. Ann. § 42:2B-38 (repealed March 1, 2014). Absent Sync Lab's operating agreement, the court cannot determine Sync Lab's membership as of the filing of the Complaint, but it is notable that Plaintiff Radulescu, the only other Sync Lab member as of April 2010, asserts that Ferchak resigned. There is no question that complete diversity would have existed from the case's inception if Ferchek's resignation had been effective.

Setting the issue of Ferchek's membership in Sync Labs as of the filing of the Complaint aside, the Court nevertheless denies Plaintiff's motion to remand this matter to New Jersey Superior Court.

## LEGAL STANDARD AND DICUSSION

28 U.S.C. § 1447 provides that, when "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." On a motion to remand, the removing party has the burden of establishing that jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

First, Defendants are correct that the voluntary-involuntary rule plays no role in the determination of this motion, as removal in violation of the voluntary-involuntary rule is a procedural defect, which must be raised within thirty days of removal. *Hoffman v. Metropolitan Ins. & Annuity Co.*, Civ. No. 12-2303, 2012 WL 3185953, *5 (D.N.J. Aug. 2, 2012). The question nevertheless remains whether the case should be remanded when subject matter jurisdiction did not exist at the time of removal, but was created through the involuntary dismissal of a party that served as an adjudication on the merits, and has existed through the adjudication of nine of the ten causes of action charged in the Amended Complaint.

The Supreme Court has stated that returning a case to a state court based on a jurisdictional defect that was cured before the entry of judgment by a federal district court places an "exorbitant cost of our dual court system" and is "incompatible with the fair and unprotracted administration of justice." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996). In *Lewis*, a plaintiff brought a product liability action in state court against a nonresident manufacturer and an in-state servicer. *Id.* at 64–65. An in-state insurer then intervened as plaintiff, asserting subrogation claims against the manufacturer and the servicer. *Id.* at 65. The manufacturer learned about a pending settlement between the plaintiff and in-state servicer defendant, and removed the action to federal court in order to meet the removal deadline. *Id.* Plaintiff moved to remand on the grounds that diversity was defeated by the servicer's presence, but the district court erroneously

concluded that complete diversity existed. *Id.* at 65–66. The servicer and insurer settled before trial,1 and the servicer was dismissed, thereby creating complete diversity. *Id.* 66–67. After the manufacturer prevailed at trial, the Plaintiff appealed and the Sixth Circuit Court of Appeals vacated and remanded because diversity was not complete at the time of removal. *Id.* at 67. The Supreme Court reversed the Sixth Circuit and upheld the district court judgment, concluding that though removal was improper, it would pose too great a cost to the dual court system to overturn an adjudication when federal jurisdictional requirements were met at the time judgment was entered. *See id.* at 76–78. In support of this conclusion, the Court relied on a series of cases that stand for the proposition that remand to state court is unnecessary even if jurisdiction did not exist at the time of removal, so long as the district court had subject matter jurisdiction at the time of removal. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 700 (1972) (holding that an erroneous removal need not cause the destruction of a final judgment if the requirements of federal subject matter jurisdiction are met at the time judgment is entered); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17–18 (1951) (holding that the absence of diversity jurisdiction at the time of judgment required the Court of Appeals to vacate a district court's judgment).

Here subject matter jurisdiction likely did not exist at the time of removal, but was later created due to the dismissal of Sync Labs LLC. Sync Labs never challenged the Court's lack of jurisdiction over its dismissal, but Plaintiff Radulescu now raises the improper removal as a means to ignore approximately six years of litigation, which has resulted in the adjudication of nine of his ten claims. Though this case is distinguishable from *Lewis* so far as the removal error has been identified by this district court before final adjudication of all of Plaintiff's claims, the *Lewis* Court's reasoning and the line of cases upon which *Lewis* relies are pertinent. Remanding

---

1 The non-diverse parties were dismissed nearly three years after the case's removal from state court, creating subject matter jurisdiction only four months before trial.

this matter—with its considerable litigation history and multiple adjudications—would frustrate finality, efficiency, and judicial economy, especially when subject matter jurisdiction exists now, has existed for nearly three years, and existed when the Court entered judgment on nine of Plaintiff's ten claims. *See Lewis*, 519 U.S. at 77 ("To wipe out adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."); *see also Knop v. McMahon*, 872 F.2d 1132, 1139 n.16 (3d Cir. 1989) ("To permit a case in which there is complete diversity throughout trial to proceed to judgment and then cancel the effect of that judgment and relegate the parties to a new trial in a state court because of a brief lack of complete diversity at the beginning of the case would be a waste of judicial resources."). For these reasons, it is hereby ORDERED that Plaintiff's motion to remand, ECF No. 210, is denied.

DATE: 13 June 2017

William H. Walls
Senior United States District Court Judge