UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 15, 2019

Michael Ivanciu, Esq.
Law Offices of Michael Ivanciu, LLC
788 Shrewsbury Avenue, Suite 2191
Tinton Falls, NJ 07724
*Counsel for Plaintiff*

Christopher W. Hager, Esq.
Niedweske Barber Hager, LLC
98 Washington Street
Morristown, NJ 07960
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:  Sync Labs LLC v. Fusion-Manufacturing
Civil Action No. 11-3671 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Codrut Radu Radulescu's ("Radulescu" or "Plaintiff") Motion to Reopen and Defendants Fusion-Manufacturing and Michael Ferchak's (collectively, "Defendants") Cross-Motion to Dismiss for Failure to Prosecute. This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **DENIES** Plaintiff's motion and **GRANTS** Defendants' Cross-Motion.

## DISCUSSION

A.

This Court assumes the parties' familiarity with the extensive factual and procedural history of this case and addresses only those facts necessary for resolution of the instant motions. On May 31, 2011, Radulescu and Sync Labs LLC ("Sync") filed suit in against Defendants in New Jersey Superior Court. (D.E. 1.) Defendants removed to this Court on June 27, 2011. (*Id.*) On January 27, 2012, counsel for Radulescu and Sync moved to withdraw because Radulescu and

Sync "failed to abide by several requirements under the retainer agreement . . . ." (D.E. 21-1 at 2.) That motion was granted, (D.E. 22), and Radulescu, an attorney, subsequently filed his appearance as Plaintiffs' counsel. (D.E. 26.) On June 7, 2012, the Court disqualified Radulescu from representing Sync, and granted Sync thirty days to retain new counsel. (D.E. 37, 60, 61.) When Sync failed to do so, the Court dismissed it from this action. (D.E. 130, 131.) Dispositive motion practice followed, with some but not all claims being dismissed. Radulescu appeared *pro se* and actively participated in all aspects of the litigation. (*See* D.E. 84, 102, 103, 104, 116, 133, 138.) He was also repeatedly criticized by the Court and Magistrate Judge Waldor for his conduct. (*See* D.E. 129 at 7; 154; 179-1 ¶ 29; 207 at 17-18.)[1]

On April 20, 2017, Michael Ivanciu appeared on behalf of Radulescu, and moved to remand. (D.E. 209, 210.) Judge Walls denied the motion, and Radulescu filed an interlocutory appeal, which he then withdrew on August 9, 2017. (D.E. 213, 214, 215, 216.) The case remained dormant for nearly two years. On April 2, 2019, the Court set an administrative termination deadline of June 3, 2019. (D.E. 217.) On June 3, 2019, Radulescu moved to reopen, (D.E. 218), and Defendants cross-moved to dismiss for lack of prosecution, (D.E. 220).

B.

"Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein" may be dismissed pursuant to Local Civil Rule 41.1(a). The Court may do so "(1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party." *Id.* In determining whether dismissal for failure to prosecute is appropriate, courts consider:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *accord Collins v. Comm'r of Soc. Sec.*, Civ. No. 15-8352, 2017 WL 1137444, at *1 (D.N.J. Mar. 27, 2017). Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr.,* 29 F.3d 863, 874 (3d Cir. 1994).

---

[1] This matter was previously assigned to Judge William H. Walls, who recently passed away. The case was reassigned to this Court on August 5, 2019. (D.E. 222.)

Here, the *Poulis* factors weigh in favor of dismissal. Despite Plaintiff's counsel's attempts to take the blame for the delay in this case, (*see generally* D.E. 218-1), Plaintiff represented himself in this action for several years, and is still registered on ECF to receive all case notices. If Mr. Ivanciu was too busy take appropriate steps to protect his client's interests, Plaintiff should have found counsel with the resources to do so. *See, e.g.*, *Nichols v. Braceiner*, Civ. No. 04-2078, 2007 WL 432976, at *2 (D.N.J. Jan. 30, 2007). Further, although there is no history of dilatoriness, Defendants have been significantly prejudiced, as eight years have passed since this lawsuit was filed and the protracted litigation is largely due to Plaintiff's harassing tactics and failure to act. Plaintiff's prior filing of meritless motions also suggest bad faith and a willingness to allow this matter to drag on. Given Plaintiff's prior conduct and the Court's prior admonitions, this Court is not satisfied that alternative sanctions would be effective. *See Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 750 n.6 (3d Cir. 1982) (identifying alternatives to dismissal such as "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses"). Finally, although summary judgment on two remaining claims was denied, suggesting those claims have some merit, this factor alone is insufficient to support permitting this action to continue. Therefore, this matter shall be terminated, and Plaintiff's motion to reopen will be denied.[2]

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Reopen this matter is **DENIED**. Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[2] Federal Rule of Civil Procedure 41 allows a defendant to "move to dismiss the action or any claim against it" if "the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). The standard for dismissal for failure to prosecute is the same as for motions to reopen a case. Consequently, for the same reasons the Court denies Plaintiff's motion to reopen the case, it will grant Defendants' motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute.